———o———

## THE STATE v. MORGAN.

FUGITIVE FROM JUSTICE.—Appeal.—No appeal by the State to the Supreme Court lies from the ruling of a judge discharging from arrest a prisoner brought before him for examination as provided by the act of March 9th, 1867 (Acts 1867, p. 126), "to regulate the arrest and surrender of fugitives from justice from other states and territories."

APPEAL from the Judge of the Cass Common Pleas.

RAY, J.—Under a warrant issued by the Governor of this State, upon the requisition of the Governor of the State of New York, Morgan was taken before the judge of the Court of Common Pleas of Cass County, for examination as provided by the act of March 9th, 1867, p. 126, "to regulate the arrest and surrender of fugitives from justice from other states and territories." The appellee was discharged from arrest by the judge. The State brings the case here

upon appeal; but the act makes no provision for a review in this court, and we must, therefore, on the motion of the appellee, dismiss the appeal.

There is nothing in the claim by appellant, that the act authorizing the State to reserve a question in a criminal action includes this case. 2 G. & H. 425, secs. 149, 150. This is neither a trial upon a criminal charge nor a proceeding embraced under the title of "criminal pleading and practice." The appeal in the case of *Robinson* v. *Flanders,* 29 Ind. 10, was from the ruling of the judge of the circuit court upon a writ of *habeas corpus.* Appeal dismissed.

GREGORY, J., expresses no opinion.

*J. Q. Stratton, J. M. Pratt, McConnell & Winfield, Turpie & Baldwin,* and *D. E. Williamson,* Attorney General, for the State.

*D. D. Pratt,* for appellee.