## HARRIS, ET AL. v. MUIR, ET UX.
(No. 829; Decided May 10th, 1916; 157 Pac. 26.)

CUSTODY OF CHILD—HABEAS CORPUS—FATHER'S RIGHT TO CUSTODY—
WELFARE OF CHILD.

1. The mother being dead, a father having no home of his own, held not to be entitled to take his four-year-old daughter from good care by her mother's parents to place her with his relatives; such an order not settling the permanent custody of the child.

2. The father upon the death of the mother is entitled to the care and custody of his minor children if he is a suitable person to have such care and custody and is in a situation to do so, but where a change in custody is sought, the welfare of the child is to be considered.

ERROR to District Court, Sweetwater County; HON. WM. C. MENTZER. Judge.

Habeas corpus by James Harris and another against Matt Muir and wife. From an order denying the right plaintiff brings error. The facts are stated in the opinion.

*Walter B. Dunton,* for plaintiff in error.

Upon the death of plaintiff's wife he placed his minor children with defendants temporarily and arranged to pay them $20.00 per month for caring for the children until such time as he might make a home himself for them; said payments have been made by plaintiff to defendants. This is a controversy between a father and collateral relatives; the good character and financial ability of plaintiff is unques-

tioned; the father is entitled to the custody of his children. (Hermandez v. Thomas, 111 Am. St. Rep. 137; Cyc., Vol. 29, p. 1590, and cases cited; Stapleton v. Poynter, 98 Am. St. Rep. 411; Lovell v. House of Good Shepherd, 43 Am. St. Rep. 839; Norval v. Zinmaster, 73 Am. St. Rep. 500; Watts v. Lively, 60 S. W. 676; Gilmore v. Kitson, 165 Ind. 402; Wilson v. Mitchell (Colo.), 111 Pac. 21, 30 L. R. A. N. S. 507; Durkin v. Seifert, 123 Ia. 64.) Before a father can be deprived of the custody of his child, it must be affirmatively shown that he is an unfit person to have such custody. (Ex parte Reynolds, 6 A. & E. Ann. Cases, 936; Norval v. Zinmaster, 73 Am. St. Rep. 500.) Burden of proof is on the third person claiming the custody of the child against his parent and all presumptions are in favor of the suitability of the parent and of the place selected by him for the care and support of the child. (29 Cyc. 1603.) The court erred in allowing evidence of conversations between the deceased wife and her parents when the plaintiff was not present. As a man of admitted good character and sufficient ability to support his child, plaintiff is entitled to the custody of his child, as against all other persons, the mother being dead.

*W. A. Muir,* for defendants in error.

The doctrine that the father is entitled to the custody of his infant child is based not on the right of the father, but on the presumption of benefit of the infant. The evidence below clearly established that the best interests of the child would be subserved by leaving it with its grandparents; the interests of the child are paramount to all other interests; the persons with whom the father intends to place the child, if he is awarded its custody, are not fit persons to have the care of the child. In freeing an infant from improper restraint the court is not bound to deliver the infant to any particular person; the welfare of the infant is the paramount consideration. (Nugent v. Powell, 4 Wyo. 173; Jones v. Bowman, 13 Wyo. 79; Tytler v. Tytler, 15 Wyo. 319; Jones v. Darnell, 103 Ind. 573; U. S. v. Green, 26

Fed. Cases No. 15256; Corrie v. Corrie, 4 N. W. 213 (Mich.) ; Clark v. Bayer, 32 O. S. 299.)   It is erroneous to suppose that the court is under all circumstances bound to deliver the infant child to the father, or that the father has an absolute right in the custody of the child.   (Sturtevant et al. v. State, 15 Neb. 459.)

BEARD, JUSTICE.

This is a proceeding in habeas corpus brought by James Harris to recover the possession and custody of his minor daughter, Christina S. Harris, a child of the age of four years, from the defendants in error, who are the grandparents of said minor.   The writ was issued by the late Hon. David H. Craig, Judge of the Third Judicial District, who announced his disqualification to hear and determine the cause, and by consent of the parties Hon. W. C. Mentzer, Judge of the First District, was called in to try the case. Upon the hearing the writ was denied, and the care, custody and possession of said minor was awarded to defendants until the further order of the court.   It was further ordered that the plaintiff, James Harris, be allowed the privilege of seeing and visiting the said Christina S. Harris at all reasonable times and places.   From that order plaintiff brings error.

It appears that plaintiff and his wife, who was the daughter of defendants, were the parents of two children, Christina and a boy about six years of age.   That the mother died March 17, 1914, and had been in ill health for several months prior to her death, during which time or at least a part of that time said children were cared for by defendants at their home.   After the death of the mother they were left by plaintiff in the care and custody of defendants, as he testified, until he could provide a home for them, and that he agreed to pay defendants for their care and support twenty dollars per month.   That they remained at the home of defendants until July 17, 1914, when they were taken by plaintiff, without the consent of defendants, to Reliance, where plaintiff was then working in the coal mines, and a

short distance from Rock Springs, where the parties re-
sided, and were placed in the home of Mr. and Mrs. Fitchett,
Mrs. Fitchett being plaintiff's mother.   About August 17,
1914, when Mrs. Fitchett and the children were in Rock
Springs, Mrs. Muir got possession of Christina without the
consent of Mrs. Fitchett and took her to defendant's home,
where she remained and was being kept when this proceed-
ing was commenced.   After the death of plaintiff's wife he
had no home of his own.   At the time of the hearing the
boy was at the home of Mr. and Mrs. McTee, in Rock
Springs, Mrs. McTee being plaintiff's sister.   Plaintiff tes-
tified that it was his intention to return there and make his
home at the McTees, whose family consisted of the husband
and wife and three children, aged about 16, 12 and 7 years,
respectively, and who were then living in a house of four
rooms.   The defendants own their home, a house of seven
rooms, the family consisting of the husband and wife, three
grown sons and a daughter, aged 16 years.   It is not claimed
that either the McTees or the defendants are not proper
persons to have the care of a child of the age of this one,
or that it did not receive and is not receiving proper care by
defendants.   There is also testimony to the effect that dur-
ing the last illness of Mrs. Harris she requested her mother,
in case of her death, to take the children and care for them.
The plaintiff's contention is that as he is the father of this
child he is entitled to its custody and that he desires to have
it with him.

No doubt the father, upon the death of the mother, is en-
titled to the care and custody of his minor children if he is
a suitable person to have such care and custody and is in a
situation to do so.   And also where it appears, as in this
case, that the father has no home of his own, but proposes
to place his child in the custody of relatives or others, the
welfare of the child is to be considered.   It appears by the
evidence that the child has a good home with the defendants
and that it is well cared for.   The plaintiff is by the order
given the privilege of seeing and visiting it at all reasonable

times and places, to which defendants say they have no objection. The order does not purport to award the permanent custody to defendants, but until the further order of the court. A change in conditions may warrant a change as to the custody of the child, but under present conditions, as shown by the evidence, we think the judge did not err in leaving the child in the care and custody of defendants.

Therefore, the judgment is affirmed.            *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.