## MADSON, ET AL., v. WYOMING HUMANE SOCIETY AND STATE BOARD OF CHILD AND ANIMAL PROTECTION.

(No. 932;   Decided December 27th, 1917;   169 Pac. 336.)

HABEAS CORPUS—SCOPE AND PURPOSE OF THE WRIT—DIVORCE—CUSTODY OF CHILDREN—JURISDICTION OF COURT—NOTICE TO PARTIES—CUSTODY OF CHILDREN GIVEN THIRD PERSONS PENDING DIVORCE PROCEEDINGS.

1. The province of habeas corpus proceedings is to inquire only into jurisdictional matters, and it cannot be used to take the place simply of proceedings in error.

2. In awarding custody of children in divorce, the leading question is the welfare and benefit of the children, and parental wishes, rights, and affections must in all cases give way to this particular issue, both in equity and under Comp. Stat. 1910, Sections 3932, 3933, relating to custody of children in divorce actions.

3. Where both parties in a divorce proceeding asked for custody of the children, the children came into the jurisdiction of the court, and also the question of the fitness of both the parents, and the court could decide the question without notice to the parties.

4. Under Comp. Stat. 1910, Sections 3932, 3933, relating to custody of children in divorce proceedings, the court could order the children into the custody of a third person, where the evidence showed neither party fit to have them at the time, although upon hearing the evidence the court granted neither party a divorce, but continued the case until the next term of court with right to procure more evidence.

ORIGINAL proceedings by petition for habeas corpus by Eddie Madson, Richard Madson and Violet Madson, minors, by May Madson, their next friend, against the Wyoming Humane Society and State Board of Child and Animal Protection.

*Clyde M. Watts,* for petitioners.

The District Court did not have jurisdiction to make an order giving a stranger custody of said minors. The proper procedure is set forth by Sections 3108-3111 and 3117-3119, Comp. Stats. 1910. No notice was given the parents. Parents were entitled to their day in court as to the pro-

priety of awarding custody to a third person. Where divorce is denied, the court is without authority to pass upon the question of custody of children of the litigants. (Thomas v. Thomas, 1912 B. Ann. Cases (Vol. 23), 346; Simon v. Simon, 39 N. Y.. Supp. 573, affirmed 54 N. E. 1904; Palmer v. Palmer, 29 How. Prac. 390; Davis v. Davis, 75 N. Y. 221; 14 Cyc. 805.) In this proceeding the question is, what is the best interests of the children? (In the matter of Bort, 25 Kans. 308, 37 Am. Rep. 257.) Where parents are not apprised of an application to commit their child to custody of a third person, such an order is unauthorized. (Wood v. Wood, 70 N. Y. Supp. 72.) It must be affirmatively shown that the parents are unfit to have custody before they can be deprived of the right. (Norval v. Zinmaster, 57 Neb. 158, 75 A. S. R. 500, 43 Am. Rep. 779; Jones v. Darnell, 103 Ind. 569, 53 Am. Rep. 549.) The interest of the child is the paramount question. (Clark v. Bayer, 32 Ohio St. 299.) Habeas corpus is the proper remedy to ascertain and enforce the proper custody of an infant. (Greene v. Campbell, 35 W. Va. 698, 29 A. S. R. 843.) Unless it is clearly shown that both parents are disqualified, the court is not justified in awarding custody of children to a third person. (14 Cyc. 808; Farrer v. Farrer, 75 Ia. 123; Hopkins v. Hopkins, 39 Wis. 176.) The following sections of the statute govern the custody of children: Sections 3101-3113 and 3117, 3123, 3124 and 3125. In granting a divorce, the court may consider the interests of the children and make an order for their custody. Sec. 3933, Comp. Stats. 1910.) The evidence in the divorce action did not show that the mother was not a fit person to have custody of these children.

*Wilfred O'Leary,* for defendants.

The court was authorized to make the order. (Sec. 3932, Comp. Stats. 1910.) Irrespective of statute, the District Court was authorized to make an order in the divorce action to protect the best interests and welfare of the children. (Tytler v. Tytler, 15 Wyo. 319; Re. Lally, 16 L. R. A.

(Iowa) 681; Jones, et ux., v. Bowman, 13 Wyo. 79; Nu-
gent v. Powell, 4 Wyo. 173.)  The custody of the children
was made an issue in the pleadings in the divorce action.

BLYDENBURGH, JUSTICE.

This is a habeas corpus proceeding instituted in this court
by May Madson as the next friend of the minors Eddie
Madson, Richard Madson and Violet Madson.    The writ
was issued and the office of the Attorney General, on behalf
of the defendant, The Wyoming Humane Society and State
Board of Child and Animal Protection, filed an answer and
plead the order of the court in a divorce proceeding between
the parents of these minors awarding their custody to the
defendant, The Wyoming Humane Society and State Board
of Child and Animal Protection, and also attached to said
answer the pleadings in said divorce case.   A demurrer was
filed to this answer as not stating sufficient facts to consti-
tute a defense to the petition.   The case was heard on this
demurrer by this court.   It appears from the papers on file
that Hans Madson, father of these minor children, brought
a suit for divorce against his wife, May Madson, mother
of the said minor children, alleging in one cause of action
the adultery of his wife, and in another cause of action her
conduct of such character in regard to morality and her
associates as to render his condition intolerable, and such
character as will without full proof of adultery raise sus-
picions that she was not chaste, and asked for the custody
of these minors, alleging that his wife was not a fit person
to have their custody.   To this petition an answer was filed
denying the allegations of the petition as far as the acts
set out of adultery was concerned, and also a cross-petition
asking for divorce on the grounds of indignities and not
proper support, and also asking for the custody of these
minor children.   The case came to trial and after evidence
was introduced on both sides the District Court of Laramie
County issued the order set out in both the petition and
answer in this case, and under which the defendant, Wyo-
ming Humane Society and State Board of Child and Ani-

mal Protection, claims the right to the custody of these minor children. Said order is as follows:

"Hans Madson,
      Plaintiff,
   vs.
May Madson,
      Defendant.

"Now on this 15th day of December, 1917, the above matter coming on for trial on its merits, C. E. Lane, Esq., appearing for plaintiff, and C. M. Watts, Esq., appearing for defendant, and the court, after hearing the evidence introduced by plaintiff and defendant, is not satisfied that either the plaintiff or defendant is entitled to a divorce;

"It is, therefore, ordered that said cause be, and it is hereby, continued until the next term of this court, giving the said parties the right to procure evidence in support of their respective claims.

"The court, however, is satisfied from the evidence produced on the stand that the minor children, Eddie Madson, aged twelve years, Richard Madson, aged eight years, and Violet Madson, aged six years, are surrounded by vicious and immoral influences, and are not receiving the proper care and support, and that it is detrimental to said children to leave them, for the present at least, in the custody of either the father or the mother.

"It is, therefore, further ordered by the court that the said minor children, and each of them, be turned over to, and placed in the custody of, The Wyoming Humane Society and State Board of Child and Animal Protection, until the further order of this court.

"It is further ordered by the court that the plaintiff be, and he is hereby, required to pay in to the clerk of this court ten ($10.00) dollars on the Monday following the date of this order, and a similar amount of ten ($10.00) dollars on each Monday thereafter, until the further order of the court, and said sums so paid to be disbursed by the clerk of the court upon the order of this court for the support of the said minor children."

In habeas corpus where questions that have been at all passed upon by courts are involved the province of the proceedings is to inquire only into jurisdictional matters and the habeas corpus proceedings cannot be used to take the place simply of proceedings in error. This has been passed upon in several cases by this court. (Fisher v. McDaniel, 9 Wyo. 457, 64 Pac. 1056, 87 Am. St. Rep. 971; Younger v. Hehn, 12 Wyo. 289, 75 Pac. 443, 109 Am. St. Rep. 986; Miskimmins v. Shaver, 8 Wyo. 392, 58 Pac. 411, 49 L. R. A. 831.) In the last mentioned case, in the opinion by Judge Corn, on pages 408 and 409, he reviews authorities and states the distinction and what the province of a writ of habeas corpus in cases of this kind is, to the effect that not only the jurisdiction of the person and subject matter are to be considered, but as to whether the court had authority to render the particular judgment or to make the particular order complained of in the procedings, and quotes Brown on Jurisdiction with approval as to what are the three essential elements necessary to render a judgment or order valid as to jurisdiction, so that it will withstand the test by habeas corpus: "These are, that the court must have jurisdiction over the subject matter, the person of the defendant, and authority to render the particular judgment. If either of these elements are lacking, the judgment is fatally defective."

In suits for divorce where there are minor children their custody, either during the pendency of the action, or at the termination of the proceedings, is one of the matters that is before the court for consideration and order or judgment. (9 R. C. L., p. 472.) This was a power inherent in courts of equity in such proceedings and is generally more or less regulated by statute. The statutes of this state on that subject are covered by Sections 3932 and 3933, Comp. Stat. 1910:

"Sec. 3932. The court may, in like manner, on the application of either party, make such order concerning the care and custody of the minor children of the parties, and their suitable maintenance during the pendency of such ac-

tion, as shall be deemed proper and necessary, for the benefit of the children, and may enforce its order and decree in the manner provided in the last preceding section."

"Sec. 3933. The court, in granting a divorce, and also upon pronouncing a decree of nullity of a marriage, may make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of such children, as the circumstances of the parents and the benefit of the children shall require."

It is evident from these statutes and from the decisions of courts uniformly that in awarding the custody of children in these proceedings the leading and paramount question is the welfare and benefit of the children and parental wishes, rights and affections must in all cases give way to this paramount issue (14 Cyc. 805; 9 R. C. L., p. 475; Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, 123 Am. St. Rep. 1067; Jones, et ux., v. Bowman, 13 Wyo. 79, 77 Pac. 439, 67 L. R. A. 860.) It is apparent, therefore, that the court in this divorce action, each party having asked for the custody of the children, under the provisions of the statutes above quoted, had during the pendency of the action the power and the right to provide for the custody of the children. Counsel for the petitioners have cited us to authorities to the effect that where a divorce is denied the court has no power to award the custody of the children, and while there are authorities against this proposition they neither apply here for the reason that the order of the District Court shows that the case was continued and is still pending in that court for further hearing and proceedings. It is also argued on behalf of the petitioners that that right only extended to the awarding of custody to one or other of the parties and that the court was without jurisdiction to make the order awarding the custody of the children, and especially when a divorce had not been granted either party,

to some third party not a party to the action, and also that other statutes provided, where it was necessary to take minor children from their parents by reason of their surroundings, a procedure which could be had upon notice to the parents before the court would have jurisdiction to try the question of taking the custody of the children from the parents or natural guardians. It is a well known principle that when a court of equity acquires jurisdiction of the subject matter it can retain jurisdiction for all purposes in any way connected with the subject of the litigation. Again, the original parties to the divorce suit, the parents, had in asking for the custody of these minor children, brought before the court and submitted to the court the question as to the fitness of each to have their care and custody. It has always been held that matters of this kind lay within the sound discretion of the court, viewing all of the circumstances and conditions, and, as stated above, having always in mind as a paramount question the best interests and welfare of the children themselves, and while the order discloses that the court from the evidence adduced was not satisfied that either the plaintiff or defendant was entitled to a divorce he did also find that this same evidence disclosed that these minors were surrounded by vicious and immoral influences and were not receiving proper care and support. The evidence upon which these findings was made is not before us, and, as stated above, the error, if any, made by the District Court in these findings from the evidence could not be reviewed in a habeas corpus proceeding if the court had the jurisdiction to make the particular order complained of. While authority is not numerous on the particular question of awarding the custody of children pending the proceedings to third parties, we are not without authority that upon the termination of divorce proceedings such may be done where the welfare of the children or the moral surroundings of the parties demand it.

In the case of Simmons v. Palmer, 33 App. Cas. D. C. 592, it was said in the opinion by Judge Van Orsdel: "It may well have been that it appeared to the court that neither

the mother nor father were fit persons, during the divorce controversy, to provide for and look after the interests of the minor child, and that the aunt could best perform, for the time being, this function. Without formally changing the custody of the child, the court had full power to make just such a temporary arrangement as seems to have been made, simply providing means to make sure of the maintenance of the minor child, and leaving the question of permanent custody open for subsequent consideration. In the absence of a showing to the contrary, we must assume that a condition existed which authorized the action taken by the court. * * * * Where a court of equity is making the domestic relations of the parents a matter of judicial investigation, it would be folly to say that the court would be powerless to temporarily provide for the welfare of the minor children, should it appear that neither of the parents were properly caring for them. We think, under the circumstances, the court had authority to make such an order as seemed just and equitable in the premises, and to enforce it. As this court said in Wells v. Wells, 11 App. D. C. 392: 'This power of the court in respect to the children of the marriage is incidental only to the principal subject-matter of controversy; and it becomes the duty of the court to act, whether the parents make special application for the custody and maintenance of the children or not. * * * * It has been repeatedly declared in such cases, that the courts do not act to enforce the rights of either parent, but to protect the interest and general welfare of the children. (2 Bishop, Marr. & Div., Sec. 532, and cases cited; Barrere v. Barrere, 4 Johns. Ch. 187; Goodrich v. Goodrich, 44 Ala. 670; Prather v. Prather, 4 Desauss. Eq. 33, 44.)'" (See also 14 Cyc. 808, note 99; 41 L. R. A. (N. S.), note on p. 608; Re. Edith Pryse, 85 Kan. 556, 118 Pac. 56, 41 L. R. A. (N. S.) 564; Lambert v. Lambert, 16 Ore. 485, 19 Pac. 459.) In a recent case, just reported, of Dupes v. Superior Court (Cal.), 168 Pac. 888, it was said: "In an action for divorce the purpose is to determine whether or not the court should dissolve the ties of marriage, and in such an

action it sometimes becomes necessary to provide for the custody of minor children. It is true that the court has very extensive powers touching the children of those who are engaged in such a suit. The court may bestow them upon one or the other of the parents or may provide for placing them with a third person."

In some cases, and there are many such reported, where both parties are charged either with adultery or with gross immorality, the evidence might be such as to convince the court that both parties were guilty as charged, or to a large extent so, and by reason of both parties being at fault neither one would be entitled to a divorce as against the other, but such a vicious or immoral atmosphere having been shown to surround each of the parties, the court would be bound to see that the minor children entrusted for the time being at least to its care and order, should not be continued in such surroundings. It would be a travesty upon justice and against all principles of equity if a judge or court under such circumstances should not have power to place these minor children where they would not be subjected to those influences so detrimental to their own present and future welfare and the tendency to rear them contrary to the rules of good citizenship. It is evident from the order in this case and the findings of the court as contained therein, while the evidence did not convince the judicial mind that either of the parties was entitled to a divorce as against the other, still this same evidence left such a bad moral taste in the judicial mouth that the conscience of the chancellor could not allow these minor children to continue to be surrounded by an atmosphere for immorality and indecency disclosed by the evidence. It is our opinion that the District Court of Laramie County in the divorce proceedings had not only jurisdiction of the subject matter and of the persons of not only the parties to the action, but of these minor children, and not only had the power, but it was his duty under his findings from the evidence to commit the custody of these minors to some third party where they would be properly cared for and educated and surrounded by proper moral

conditions during the future pendency of the action and until such time as it was shown to the court that a change had taken place in the moral conditions or surroundings of one or the other of the parties so that it would be safe and proper to award the custody to such of the parties as might be shown to be fit.   The demurrer to the answer will be overruled, and as the demurrer to the answer admitted all the facts therein plead and has raised all the questions to be decided in this case, the petition will be dismissed.

*Petition dismissed.*

Potter, C. J., and Beard, J., concur.