## KENNISON v. CHOKIE

(No. 2149; March 12, 1940; 100 Pac. (2d) 97)

For the appellant, there was a brief and oral argument by *E. V. Magagna* of Rock Springs, Wyoming, and *F. Henri Henriod* of Salt Lake City, Utah.

For the respondent, there was a brief and oral argument by *W. A. Muir* of Rock Springs.

*E. V. Magagna* in reply.

BLUME, Justice.

This is a proceeding in habeas corpus brought by plaintiff and appellant Mrs. Ruby Kennison against Caroline Chokie, to recover the custody of Kenneth LaMar Kennison, plaintiff's minor son. The defendant answered that the child was entrusted to her keeping by the plaintiff on or about December 1, 1936, and that the plaintiff is not a proper person to have the boy in her custody. The court found that the allegations of the answer are true, denied plaintiff's petition, and awarded custody and control of the minor child to the defendant. From that judgment the plaintiff has appealed.

It appears herein that the defendant is not a rela-

tive of the minor child, and it is the contention of plaintiff that she, the mother of the child, is presumed to be a proper person to have him in her custody, and that the contrary has not been shown herein. There is no doubt that "it is a presumption of law that the best interests and welfare of the child will be preserved by placing it in the custody of its natural parents." 46 C. J. 1251. And it has been held that the evidence must be clear and satisfactory to warrant an order or decree depriving a parent of the custody of a child on account of incompetency or unfitness. 46 C. J. 1253. However, the paramount question at all times, when the custody and control of a minor child is in dispute, is the welfare of such child. That has been declared to be the rule by this court a number of times. Jones v. Bowman, 13 Wyo. 29, 77 Pac. 439; Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1; Harris v. Muir, 24 Wyo. 213, 157 Pac. 26; Madson v. Humane Society, 25 Wyo. 338, 169 Pac. 336; Stirrett v. Stirrett, 35 Wyo. 206, 248 Pac. 1; Curran v. Curran, 51 Wyo. 217, 65 P. (2d) 243. The evidence in this case shows that the child was born on March 12, 1932. The plaintiff in this case married one Francis Kennison. The latter brought an action for divorce against her in the State of Utah on the ground of desertion for a period of over one year. A decree was entered on September 20, 1935, granting the husband a divorce from the plaintiff on that ground. The decree awarded the care and custody of Kenneth LaMar Kennison to the plaintiff in this case. Subsequently, and some time during the year 1936, plaintiff came to Rock Springs, in this state, went under the name of Maxine Hunter, became an inmate of a house of ill repute, and was fined in the police court in that city a number of times on account of moral delinquency. She gave the custody of the child to the defendant in this case about December 1, 1936, asking the latter to keep and take care of the child, and give

him a good home. She agreed to pay the defendant the sum of $20 a month for doing so. She thereafter left Rock Springs, and during the next year and a half was a resident of Butte, Montana, Glasgow, Montana, Tonopah, Nevada, Eli, Nevada, Grand Junction, Colorado, San Francisco, California, Reno, Nevada, Salt Lake City, Utah, and Pocatello, Idaho. During her residence in these various places she was at times known as Maxine Hunter, at times as Ruby Kennison. When the petition herein was filed, she was residing in Portland, Oregon. She was called for cross-examination in this case by the defendant, admitted that she had been an inmate of a house of prostitution at Rock Springs, had been fined in court on account thereof, had resided at the various places above mentioned, and is not married. The testimony further shows that the defendant is a good moral person, has taken good care of this child, and that the boy has become attached to her. It also appears that while the plaintiff agreed to pay to defendant the sum of twenty dollars per month, the only payments made during approximately the period of two years is the sum of $150. Plaintiff, though she had the opportunity to do so, gave no explanation of that fact.

We think that the foregoing facts clearly show that the trial court was warranted in holding that the presumption to the effect that the plaintiff is a proper person to take care of the child has been overcome. It is stated in 22 C. J. 86 that proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time. That inference has been applied in cases of reputation or character, of chastity, and of personal habits. 22 C. J. 88. If the plaintiff at the time of the trial in this case was leading a life different from what she led when she was living at Rock Springs, and if she was financially able to take care of

the child, she could have testified to that effect. She did not do so, and we think that the court was, accordingly, in view of the short time intervening, warranted in applying the inference above mentioned in this case. In Stirrett v. Stirrett, supra, we cited with approval 19 C. J. 347, in which it is stated:

"In the absence of a controlling statute and subject to the rules heretofore mentioned as to the welfare of the child and the rights of the parents, the determination as to whom the custody of the children should be awarded is within the discretion of the court and unless such discretion is abused the judgment will not be disturbed."

We do not think that we can say that the trial court in this case abused its discretion. The judgment must, accordingly, be affirmed, and it is so ordered.

*Affirmed.*

RINER, Ch. J., and KIMBALL, J., concur.