STATE of Wyoming, upon the relation of Raymond W. KLOPOTEK, Petitioner,

v.

The DISTRICT COURT OF SHERIDAN COUNTY, Wyoming, and the Honorable Leonard McEwan, Judge thereof; Bonita Cline, Respondents.

No. 5356.

Supreme Court of Wyoming.

Dec. 10, 1980.

Fred R. Dollison of Badley, Rasmussen & Shoumaker, Sheridan, for petitioner.

James N. Wolfe, Sheridan, for respondent Bonita Cline.

Glenn Parker of Hirst & Applegate, Cheyenne, for respondent the Honorable Leonard McEwan.

Bernard Q. Phelan, Cheyenne, as Guardian Ad Litem for Juanita Adean Klopotek.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

This is a child–custody case. It came to us on a petition of Raymond W. Klopotek, as relator, (hereinafter referred to as father) for: (1) a writ of habeas corpus, and (2) a writ of prohibition to be directed to the Honorable Leonard McEwan, Judge, Fourth Judicial District, prohibiting further proceedings in the child–custody case pending before him in Sheridan County. After issuing an order to show cause why the prayer of the petition should not be granted and after receiving responses thereto from Judge McEwan and from Bonita Iris Cline, the other party to the proceeding in the district court (hereinafter referred to as mother): (1) we appointed Bernard Q. Phelan, attorney at law, Cheyenne, Wyoming, Guardian Ad Litem for minor Juanita Adean Klopotek, and we directed him to appear and represent her interests herein; and (2) we made the following order:

"A Petition for a Writ of Prohibition and for a Writ of Habeas Corpus having been duly presented to this court; and sufficient cause having been shown therein to require further inquiry; and Respondent, The District Court of Sheridan County, Wyoming, and The Honorable Leonard McEwan, Judge thereof (hereinafter referred to as Respondent McEwan) having therefore been ordered to show cause why further proceedings in the district court in this matter should not be absolutely restrained; and Respondent McEwan having duly filed a 'Response to "Order to Show Cause Why Writ of Habeas Corpus and Writ of Prohibition Should Not Issue" entered by the Supreme Court on August 20, 1980' in which he averred

that the restraint, if any, of Juanita Adean Klopotek was by Bonita Cline and not by Respondent McEwan, and in which he indicated his belief that the issue is 'Can a minor who is over 14 years of age have a guardian of his or her choice appointed as provided by Wyoming Law or does the "Uniform Child Custody Jurisdiction Act" preclude a minor over 14 from selecting his or her guardian'; and Bonita Cline, the other party to the proceeding in the district court having requested and received permission to make a response, and such response having been made–all pursuant to the provisions of Rules 3 and 4 of this court; and

"It appearing that Respondent McEwan contemplates further proceedings in the guardianship now pending before him; that Petitioner has questioned his jurisdiction to do so; that actions already taken by him amount to the exercise of such jurisdiction; and that he may not have had or now have such jurisdiction; and

"It appearing that Respondent McEwan is not restraining the person of Juanita Adean Klopotek; but that such restraint is by Bonita Cline, who is subject to the jurisdiction of this court in this matter by virtue of her response filed herein, and

"It appearing that the facts of this matter are not in dispute and are contained in the record before us, it is

"ORDERED that a hearing before the court relative to the questions of law pertaining to the application for a writ of prohibition be, and the same hereby is, set for 10:00 A.M. on the 29th day of October, 1980, at the Supreme Court Courtroom, Supreme Court Building, Cheyenne, Wyoming, at which time Petitioner, Respondent McEwan, Respondent Bonita Cline and Juanita Adean Klopotek may present such argument as they may or may not desire, pursuant to Rule 4(e) of this court. It is

"FURTHER ORDERED that the Petition for Habeas Corpus be, and the same hereby is, denied insofar as the application for it pertains to Respondent McEwan; and that a Writ of Habeas Corpus issue out of this court directing Respondent Bonita Cline to produce the body of Juanita Adean Klopotek before this court at 10:00 A.M. on the 29th day of October, 1980 at the Supreme Court Courtroom, Supreme Court Building, Cheyenne, Wyoming, it is

"FURTHER ORDERED that a copy of the Petition for a Writ of Habeas Corpus be filed in this case and that the Petition itself be returned to Petitioner with this Order pursuant to § 1–27–107, W.S.1977 (re Respondent McEwan); it is

"FURTHER ORDERED that such writ be served upon Respondent Bonita Cline by the Sheriff of Sheridan County, Wyoming, or his deputy.

"FURTHER ORDERED that a copy of this Order be furnished to counsel for Petitioner, counsel for Respondent, counsel for Bonita Cline, and to the guardian ad litem for Juanita Adean Klopotek."

Immediately after the hearing, we made the following Order:

"After examination of pleadings, memoranda briefs and other papers on file before the Court and hearing oral argument, all the parties or their counsel being present, the Court finds:

"1.  That this Court has jurisdiction.

"2.  That Petitioner is entitled to the custody of Juanita Adean Klopotek as a matter of law in accordance with the Judgment of the County Court, Barron County, Wisconsin in the case of Raymond W. Klopotek v. Bonita Iris Klopotek, dated March 27, 1969, as amended on August 13, 1976 and June 4, 1979 and the mother has unlawfully retained custody of the child.

"3.  Generally in favor of Petitioner and against Respondents.

"It is, therefore,

"ORDERED that a writ of prohibition issue.

"FURTHER ORDERED that Respondent, Bonita Cline, forthwith this day relinquish custody of Juanita Adean Klopotek to her father Raymond W. Klopotek.

"FURTHER ORDERED that the matter of costs and expenses including those of

the Guardian ad litem be and are taken under advisement.

"FINALLY ORDERED that an opinion of the Court follow."

The procedural background and the facts of this case as necessary for our disposition were contained in the exhibits to the petition. These include certified copies of a judgment of divorce dated March 27, 1969 in a case in which the father and the mother were the parties; an order dated August 13, 1976 amending such judgment; and, an order dated June 4, 1979 amending such judgment as amended–all from the Circuit Court, Barron County, State of Wisconsin.[1] In the judgment, the Wisconsin court gave custody and control of the minor children of the parties to the mother, and the court ordered that the children not be removed from the state of Wisconsin without permission of the court. The August 13, 1976 order amending the judgment was pursuant to stipulation of the parties. It transferred "legal and physical custody of the two minor children of the parties, to wit: Nena Adean Klopotek and Michael Ray Klopotek" to the father, and it provided pursuant to such stipulation, that neither party "shall remove the said minor children from the State of Wisconsin for purposes of changing residency without permission of this court." The June 4, 1979 order amending the judgment as amended was also pursuant to stipulation of the parties. It provided that the original divorce judgment not in conflict with the order remain in full force and effect and it specified that "the legal and physical custody of the two minor children of the parties shall remain with the plaintiff [father] until further order of the court." It provided visitation rights to the mother for "a five week period each summer beginning on the last Friday of June" with the mother to pay the costs of transportation to effectuate the visitation.

Such visitation was exercised by the mother in June 1980. The children were taken to her present residence in Sheridan, Wyoming.[2] When the visitation period expired on August 1, 1980, she refused to return the children to the father.

Exhibits to the petition filed herein also include: (1) a certified copy of a petition by the mother to the District Court, Fourth Judicial District, filed August 5, 1980, in which the mother prayed that she be appointed guardian of the two children; (2) certified copies of nominations by the children of the mother as guardian (Juanita Adean Klopotek was indicated to be 14 years of age, and Michael Ray Klopotek was indicated to be 12 years of age); (3) a notice from Judge McEwan setting the petition for appointment of a guardian for a hearing; and (4) a motion of the father, filed August 8, 1980 to quash the order setting hearing for appointment of a guardian on the grounds that the court lacked " * * * jurisdiction to hear the above action, because the Amended Divorce Decree entered by the Barron County Circuit Court, State of Wisconsin on the 4th day of June, 1979 is entitiled [sic] to full faith and credit under the United States Constitution and because of Petitioner Bonita Iris Cline's [mother] violations of the Uniform Custody Jurisdiction Act."

Finally, included among the exhibits filed herein were certified copies of: (1) a petition for a writ of habeas corpus, filed August 18, 1980 in the District Court, Fourth Judicial District, by the father, praying for an order directing the mother to restore custody of the children to the father; (2) a transcript of hearing proceedings on the petition for a writ of habeas corpus; and (3) an order granting the petition insofar as it applied to Michael Ray Klopotek and denying it insofar as it applied to Juanita Adean Klopotek. At the hearing, the court indicated that it was denying the petition insofar as it applied to Juanita Adean Klopotek because "perhaps in the guardianship proceeding where the child is fourteen years of age or older that that could supersede the

---

1. At a hearing held in this matter before Judge McEwan, the court, the father and the mother acknowledged the authenticity of this judgment and orders.

2. The mother remarried and moved from Wisconsin to Sheridan, Wyoming.

provisions in the divorce decree naming someone who has custody of the child."

The proper disposition of this case is somewhat obscured by the fact that the petition for guardianship and the application for a writ of habeas corpus were part of the same proceeding in the district court.[3] The matter comes to us with the same entanglement.

## PROHIBITION

■ The object of a writ of prohibition is to restrain the action of inferior courts from acting in excess of their jurisdiction. *State ex rel. Pearson v. Hansen,* Wyo., 409 P.2d 769 (1966); *State ex rel. Mau v. Ausherman,* 11 Wyo. 410, 72 P. 200 (1903), rehearing denied 11 Wyo. 410, 438, 73 P. 548 (1903). As said in *Williams v. Stafford,* Wyo., 589 P.2d 322, 324 (1979):

"* * * The function of a writ of prohibition is to prevent action and not to undo that which has already been done. *State ex rel. Powell v. Ilsley,* Wyo., 387 P.2d 676, 677 (1963); and *State ex rel. Mau v. Ausherman,* 11 Wyo. 410, 72 P. 200, 214, rehearing denied 73 P. 548 (1902). It is also important to note and emphasize that, other than in exceptional or extraordinary circumstances, the writ of prohibition is only available if the lower court does not have subject–matter jurisdiction or, having such jurisdiction, it exceeds the scope thereof. *State ex rel. Weber v. Municipal Court of the Town of Jackson,* Wyo., 567 P.2d 698, 699 (1977)."

■ The district court entertained jurisdiction in the guardianship matter, and it was proceeding to act thereon. In doing so, it exceeded the jurisdiction conferred on it by § 3–2–101, W.S.1977 which provides:

"The district court of each county, or the judge thereof, when it appears necessary, may appoint guardians for the persons and estates, or either of them, of minors, incompetents or insane persons, *who have no legally appointed guardian,* and who reside or have estates within the county.

Such appointment may be made on the petition of a relative or other person on behalf of the minor or incompetent or on the petition of a minor over the age of fourteen (14) years. Before making such appointment, the court or judge must cause notice to be given to any person having the care of such minor, incompetent or insane person, and to the relatives residing within the county." (Emphasis supplied.)

■ There is a distinct difference between a guardian of a person and a guardian of an estate. *Poling v. City Bank & Trust Company of St. Petersburg,* Fla., 189 So.2d 176 (1966). A guardian of the person is one lawfully vested with the care of the person of a minor or incompetent, while a guardian of the estate is entrusted with the control of the property of a minor or incompetent. *Daniels v. Metropolitan Life Ins. Co.,* 135 Pa.Super. 450, 5 A.2d 608 (1939). Of course, the same person may be both guardian of the person and guardian of the estate. Guardianship matters are controlled and governed exclusively by statute. *Poling v. City Bank & Trust Company of St. Petersburg,* supra. The failure to distinguish between the two types of guardianship has resulted in some misinterpretation of statutory and case law language. That which we say here has application only to guardianship of the person matters.

■ The father and mother are natural guardians of the persons of their minor children. *Turner v. Turner,* 167 Cal.2d 636, 334 P.2d 1011 (1959); *In re Lehr's Guardianship,* 249 Iowa 625, 87 N.W.2d 909 (1958); and *Ohio Casualty Insurance Company v. Mallison,* 223 Or. 406, 354 P.2d 800 (1960). The custody and control of the persons of children which result from the natural guardianship of parents thereof may be terminated and modified by court action taken pursuant to appropriate statutory authority, such as that taken pursuant to § 14–2–113(c), W.S.1977 relative to paternity pro-

---

**3.** Judge McEwan recognized the inappropriateness of such and commented thereon, but the matters were not separated and were left in the status established by the pleadings filed by the parties.

ceedings (which may be combined with a divorce action pursuant to § 14–2–106(a), W.S.1977), to §§ 14–2–301 and 14–6–229, W.S.1977 relative to delinquent, abandoned, abused or neglected children, and to §§ 20–2–106 and 20–2–113 relative to judicial separation, divorce and annulment of marriage.

■ The language in § 3–2–101 authorizing appointment of a guardian of the person of a minor only if the minor has "no legally appointed guardian" has reference to legal action by the court in proceedings such as those just enumerated in which the court has placed the care, custody and control of the person of a minor in a specific person, agency or institution. Insofar as the guardianship of the person of a minor is concerned, we hold that the jurisdictional restrictive language of § 3–2–101, i. e., application limited to those cases in which there is "no legally appointed guardian," prohibits its use to change or reassert the custody of minor children previously determined in a divorce proceedings.[4]

Accordingly, we have issued a writ of prohibition restraining and prohibiting further action in this case by the District Court of the Fourth Judicial District, County of Sheridan, and by Judge McEwan.[5]

### HABEAS CORPUS

Although commonly used to determine the propriety of restraint in criminal proceedings, a habeas corpus action has been recognized as a proper remedy to be used by one parent to recover custody and possession of a child from the other parent after divorce. *Henson v. Henson*, Wyo., 384 P.2d 721 (1963); *Jones v. Bowman*, 13 Wyo. 79, 77 P. 439 (1904); *Harris v. Muir*, 24 Wyo. 213, 157 P. 26 (1916); and *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953).

■ Normally, a person may petition for a writ of habeas corpus again and again to the same or other courts, each rejection thereof being a nonappealable determination. *Geyer v. Tuck*, 68 Wyo. 52, 229 P.2d 924 (1951); and *Ex parte Brugneaux*, 51 Wyo. 103, 63 P.2d 800 (1937). However, an appeal is available from action taken in a habeas corpus proceeding *in child–custody cases*. *Henson v. Henson*, supra, *Jones v. Bowman*, supra; *Harris v. Muir*, supra; dicta in *Geyer v. Tuck*, supra. The availability of an appeal in such instances does not, nonetheless, preclude repetition of petitions in such cases. Art. 5, § 3, Wyoming Constitution vests original jurisdiction for habeas corpus in the supreme court and Art. 5, § 10, Wyoming Constitution, also vests similar jurisdiction in the district courts. Art. 1, § 17, Wyoming Constitution, provides that "the privilege of the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion the public safety may require it." Section 1–27–101(a)(v), W.S.1977 recognizes the repetitive

---

4. This is but a corollary to, and expansion upon, the long standing general rule as stated in Annotation, 146 A.L.R. 1153 (1943), "Jurisdiction acquired by court in divorce suit over custody and maintenance of child as excluding jurisdiction of other local courts, or as rendering its exercise improper."

"* * * [J]urisdiction acquired by a court in divorce proceedings over the subject of the custody and maintenance of the child or children of the parties to the divorce suit is not only continuing * * * but is also exclusive, and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject, and that all proceedings relating to the maintenance and custody of such child or children of the divorced parents must thereafter be brought in the same court in which the original decree affecting that subject was rendered." 146 A.L.R. at 1155.

5. Dicta in *In re Sowerwine*, Wyo., 413 P.2d 48 (1966) may be read to approve the appointment of a guardian of a person other than the parent previously given custody of such person in a divorce decree. We note that the issue there presented was with reference to guardianship of an estate. The court properly noted that the "guardianship" resulting from a divorce action was only of the person of the child and not of his estate. It also noted that the Wyoming court could not take judicial notice of the law of Nicaragua. Additionally the custody there awarded by the divorce decree had been terminated by emancipation of the child through marriage. In any event, any holding in *Sowerwine* in conflict with our holding in this case is reversed.

availability of a petition for a writ of habeas corpus by requiring copies of previous petitions which have been refused to be appended to a present petition. We find no exception, be it for child–custody cases or otherwise, to the availability of repeated petitions for a writ of habeas corpus in our constitution or statutes.

" * * * 'To allow appeals by the respondent from the judgment of the court discharging the applicant, would defeat the purpose of the writ as a speedy and prompt relief against illegal detention. * * *' " *Geyer v. Tuck,* supra, 229 P.2d at 925.

■ We can anticipate cases of child neglect or abuse in which the necessity for speedy relief in a child–custody case is as pertinent as in a criminal matter.[6] The inviolate nature of the writ of habeas corpus as mandated by our constitution does not allow for exceptions. Such a writ in all restraint cases, including child–custody cases, may be filed in this court although the issuance of a similar writ may have been refused by a district court. *Ex parte Madson,* 25 Wyo. 338, 169 P. 336 (1917). Or, as already noted, an appeal may be taken to this court from action taken by the district court on such a writ *in child–custody cases.*

Before this matter was presented to us, the district court granted the father's petition for a writ of habeas corpus as to Juanita Adean Klopotek's brother but denied it as to Juanita Adean Klopotek. The proceeding for habeas corpus in the district court was thus terminated. As already noted, the ruling may have been appealable, but the father did not attempt to appeal it. Rather, another application for a writ of habeas corpus was made to us and the matter was before us on an original proceeding.

■ One of the provisos of habeas corpus proceedings is to inquire into jurisdictional matters. *Ex parte Madson,* supra; *Hovey v. Sheffner,* 16 Wyo. 254, 93 P. 305 (1908). In doing so, we find that proper jurisdiction over this matter is with the Wisconsin courts and not with us.

When child custody is awarded in a divorce decree in one state and the child–custody question is later presented to a court of another state, a number of considerations have entered into the determination made by the courts as to whether or not the second state has, or should take, jurisdiction. These include domicile, presence in the state, lack of jurisdiction in first state to render the original decree, change in conditions (if the first court could modify its decree, need the second court give more conclusive effect to it than could the first court?), forum shopping, child stealing, best interests of the child,[7] full faith and credit, comity, child abuse, abandonment, etc. 1 Restatement, Conflict of Laws 2d § 79 (1971); Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich.L.Rev. 345 (1953); Clark on Domestic Relations § 11.5 (1968); 39 Am.Jur.2d Habeas Corpus § 92 (1968); 39 C.J.S. Habeas Corpus § 140 (1976).

■ We need not address these various considerations inasmuch as our decision in this case can result from a single consideration. We have no reticence in enforcing the judgment and orders of the Wisconsin court in this matter in view of the mother's defiance of such judgment and orders. Her bad faith and unclean hands are such as to make it unnecessary to consider other elements which could result in a different determination. The mother stipulated and agreed that the child could leave the state of Wisconsin only as ordered by the court, that the child could not be removed from the state for the purposes of changing residency, and that the period of visitation to the mother each summer be for only a five–week period. These agreements were incorporated into the Wisconsin court order. We cannot reward the violation of these

---

6. School attendance by Juanita Adean Klopotek in the school in which the year's work is to be accomplished is a factor in the desirability of speedy action in this case.

7. The preference of the child as to which parent should have custody is not necessarily in its best interests. In fact, such may be prompted by a desire to escape from proper discipline necessary to the child's best interests.

agreements and of the court order on the part of the mother.

"* * * But as Professor Ehrenzweig has demonstrated, a much more persuasive reason for enforcing decrees of other states is the fact that one of the parties has violated the custody order by bringing the child into the state of the forum and is asking the forum to reward his violation by giving him custody. In those circumstances the court of the second state will be extremely reluctant to grant custody to the wrongdoer, and will nearly always order the foreign decree to be complied with. * * *" (Footnotes omitted.) Clark on Domestic Relations, supra, § 11.5 at p. 325.

The Wisconsin court has already modified its judgment in this matter on two occasions. There is no indication that it will not do so again if proper reason therefor is presented to it.

Our action herein is in conformity with the Uniform Child Custody Jurisdiction Act,[8] which has been adopted in both Wyoming and Wisconsin. Among the purposes of the act as set forth therein (see § 20–5–102, W.S.1977) are:

"(v) To deter abductions and other unilateral removals of children undertaken to obtain custody awards;

"(vi) To avoid relitigation of custody decisions of other states in this state insofar as feasible;

"(vii) To facilitate the enforcement of custody decrees of other states;
"* * * *"

Section 20–5–109(b), W.S.1977 provides:

"Unless required in the interest of the child and subject to W.S. 20–5–115(a), the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner without consent of the person entitled to custody has improperly removed the child from the physical custody of the person entitled to custody *or has improperly retained the child after a visit or other temporary relinquishment of physical custody.* If the petitioner has

violated any other provision of a custody decree of another state the court in its discretion and subject to W.S. 20–5–115(a) may decline to exercise jurisdiction." (Emphasis supplied.)

Section 20–5–115(a), W.S.1977 provides:

"(a) If a court of another state has made a custody decree a court of this state shall not modify that decree unless it appears that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction."

We did not exercise our jurisdiction to modify the custody judgment and order of the Wisconsin court, but we did exercise such by ordering the mother, who was before us with Juanita Adean Klopotek, to relinquish custody of the child to the father, who was also before us.

THOMAS, Justice, concurring.

I concur in the majority opinion in this case. I do not have any disagreement with the principles of law there set forth. I do not deem it proper, however, to note that while the majority opinion holds that the district court exceeded the jurisdiction conferred by § 3–2–101, W.S.1977, the attempted action of the district court was "wholly without jurisdiction." *Lake v. Lake,* 63 Wyo. 375, 413, 182 P.2d 824, 840 (1947).

Mrs. Cline, as the petitioner in the district court, sought only to invoke the jurisdiction of the court under § 3–2–101, W.S.1977. That statute confers authority on the district court to appoint guardians for the persons and estates of minors *"who reside or have estates within the county"* (emphasis added). The petition does not allege that the child had an estate within Sheridan County.

While the facts of this case are distinguishable from those in *Lake v. Lake* supra, which interestingly enough also was tried in Sheridan County, the controlling principles

**8.** Sections 20–5–101 through 20–5–125, W.S. 1977.

are found in that case. The Supreme Court of Wyoming there set forth the propositions, quoting with approval from 2 Beale, Conflict of Laws, § 144.3, that custody of a child by one parent carries with it domicile; and that a state which is the temporary residence of the child and not the domicile cannot confer a right to custody. The court went on to quote with favor from the Restatement of Conflict of Laws, § 117, the proposition that:

> " * * * 'A state can exercise through its courts jurisdiction to determine the custody of children or to create the status of guardian of the person only if the domicil of the person placed under custody or guardianship is within the state.' * * * "
> Lake v. Lake, supra, 63 Wyo. at 412, 182 P.2d at 839.

When the District Court of Sheridan County was apprised of the provisions for custody in the Wisconsin decree, it then was chargeable with knowledge that it was without jurisdiction over the guardianship proceeding, and the writ of prohibition for that reason is most appropriate. The Wisconsin judgment was entitled to full faith and credit to that end.

This rationale is consistent with the provisions of the Uniform Child Custody Jurisdiction Act, particularly that portion of the definitions' section which relates to the home state, § 20–5–103(a)(v), W.S.1977. It is compatible with the purpose of that statute as set forth in § 20–5–102, W.S.1977, and carries out the intention of the legislature. Since the court was without jurisdiction it probably is not necessary to consider whether the trial court exceeded its jurisdiction.