[OCTOBER TERM, 1918.]

## LINCH v. HARDEN.

(No. 919; Decided December 9th, 1918; 176 Pac. 156.)

CUSTODY OF CHILD—DIVORCE—FOREIGN DECREE.

1. In determining the question of its custody, the welfare of a child of divorced parents is a matter of paramount consideration. Judgments awarding custody of children of divorced parents, necessarily provisional in character, ordinarily are not *res judicata* either in the same court or that of another state, despite the full faith and credit clause of the Federal Constitution (Art. 4, Sec. 1), except as to the specific facts before the court at the time of any judgment in question.

2. Where an Oregon court which had divorced the father and granted him custody of his minor daughter on the ground that the mother was not a suitable custodian, a Wyoming court thereafter, upon a showing that the mother was in a situation and condition properly to care for the child properly, awarded custody to her; the Oregon decree being conclusive only as to facts on which it was made.

APPEAL from district court, Natrona County, CHARLES E. WINTER, Judge.

Habeas corpus proceedings by Cliff Leamore Linch v. Faith Hannah Harden. From a judgment for respondent, plaintiff appeals.

*George W. Ferguson,* for appellant.

Appellant rests his cause in this court on his right to the custody of the minor child by virtue of the judgment of the Circuit Court of the State of Oregon awarding the custody of the child to him; that judgment rendered by a court having jurisdiction of both parties and of the subject matter is entitled to full faith and credit throughout the United States under the provision of the Federal Constitution. (Art. 4, Sec. 1. Barber v. Barber, 16 L. Ed. 226; Cheever v. Wilson, 19 L. Ed. 604; Harding v. Harding, 49 L. Ed. 1066; Haddock v. Haddock, 50 L. Ed. 567.) The welfare and best interest of the child is the sole consideration. (Jones v. Bowman, 13 Wyo. 79; Tytler v. Tytler, 15 Wyo. 319.)

The full faith and credit clause of the federal Constitution applies to decrees awarding the custody of children in divorce. (14 Cyc. 810; State ex rel. Giroux v. Giroux, 47 Pac. 798 (Mont.); State ex rel. Nipp v. District Court, 128 Pac. 590 (Mont.); Stetson v. Stetson, 15 Atl. 60 (Me.); Milner v. Gatlin, 76 S. E. 860 (Ga.); Wilson v. Elliott, 97 Am. St. Rep. 928 (Tex.); J. W. Lanning, Sr., v. Alice M. Gregory, et al., 10 L. R. A. N. S. 690; Morrill v. Morrill, 77 Atl. 1; Weatherton v. Taylor, 187 S. W. 450 (Ark.); State v. Rhodes, 69 Pac. 389 (Wash.); People v. Allen, 11 N. E. 143, 611 (N. Y.).). The rule seems to be sustained by the acknowledged weight of authority.

*Hagens & Stanley,* for respondent.

The best interests of the child are the controlling consideration; this proposition is conceded by counsel for appellant; but this ground is waived by appellant and reliance is placed upon the full faith and credit clause of the Constitution. (Art. IV, Sec. 1, citing Haddock v. Haddock, 50 L. Ed. 867.) That case does not sustain appellant's position, for the reason that a decree awarding alimony and custody of minor children in a divorce action is not final in the sense that it is not an absolute judgment. (Israel v. Israel, 148 Fed. 576; Re: Stewart, 77 Misc. 524, 137 N. Y. Supp. 202.) While authorities may be found supporting appellant's contention, they seem to be in the minority. The majority rule is that a change of circumstances will warrant a disregard of the decree of a sister state in actions of this class. (Mylius v. Cargill (N. M.), 142 Pac. 918; Re: Alderman, 39 L. R. A. (N. C.) 988; Jones v. Bowman, supra; Tytler v. Tytler, supra.) It is therefore submitted that the decree of the Oregon Court is not final and does not come within the provision of Art. IV, Sec. 1, federal Constitution; that each state has the right to determine the civil status of its own citizens and persons domiciled within its jurisdiction and is therefore not restricted by the limitations of the federal Constitution, as regards foreign divorce decrees.

BEARD, JUSTICE.

This is a habeas corpus case involving the right to the custody of the daughter of the parties, a child born February 12, 1912. On the trial the custody of the child was awarded to the mother, and the father appeals.

The parties were married in South Dakota in 1909, living in that state and Nebraska until the fall of 1912, when appellant went to Oregon, where he was employed as a brakeman. His wife and the child joined him in Oregon in April or May, 1913. Their married life was not congenial and they separated in June, 1915, divided their household goods between them, and entered into a written agreement as to the custody of the child, in which it is recited that appellant was about to apply for a divorce from his wife; that the child should be taken back to Nebraska by its mother and placed in the custody and care of an aunt, appellant to clothe the child, and appellee to otherwise support it. If appellant secured a divorce, the child should be returned to Oregon at the expiration of one year. The suit for divorce was thereupon commenced, service being made upon appellee, and soon thereafter she took the child to Nebraska as agreed. Appellee defaulted in the divorce action and a decree of divorce was entered October 22, 1915, but no provision was made in the decree as to the custody of the child, nor does it appear by the record that that question was in issue in that action. Appellee married her present husband (Harden) in November or December, 1915, since which time she has resided with her husband in Casper, Wyoming. Appellant failed to clothe the child as agreed, and in March, 1916, it was taken to the home of its mother in Casper, where it has remained. Neither appellee nor the child returned to Oregon. Appellant applied to the court in Oregon in which the divorce was granted for a modification of the decree so as to award the custody of the child to him. Appellee appeared in that proceeding by her attorney, and on September 2, 1916, an order was made giving the father the care and custody of the child. He commenced the present case in the district court of Natrona

county, Wyoming, December 27, 1916, and it was tried and determined in March, 1917. Appellant married his present wife in January, 1917.

Appellant presents but one question in this court as fully and conclusively appears from the following statements contained in his briefs. "While appellant pleads in his amended petition that it is for the best interests of their said minor child that he be given her care and·custody, for the reason that it is for her best interests, and believes that the evidence sustains this plea, yet to simplify the hearing in this court, he waives this ground of his amended petition and rests his case in this court on his right to said minor child by virtue of the order and judgment of the Circuit Court of the State of Oregon, for the county of Clackamas, as modified on September 2, 1916." (Appellant's original brief, page 3.)

"That we may be clearly understood, we want to restate our position. In this court we are resting our case on the judgment of the Oregon court, which settled and adjudicated the question of the best interests of the minor child, under the facts then existing. This judgment is binding and must be upheld in all the states of this Union, until conditions have sufficiently changed to justify a different judgment, or until the same is modified on proper application in the court where rendered." (Appellant's reply brief, pages 6 and 7.)

The decided cases are not in entire harmony on the question whether or not a judgment in a divorce action awarding the custody of a minor child to one of the parties, being temporary in character, is such a judgment as is contemplated in Section 1, Article IV, of the Constitution of the United States, which provides: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state," where the child at the time the judgment is rendered is domiciled in another state. But our attention has not been called to any case, nor have we found any, wherein it has been held that the courts of the state of the domicile of the child are bound by the judgment of the foreign state when it is made to appear that the conditions and circumstances of the parties have so changed

since the adjudication that the welfare of the child would be promoted by a change of custody. The welfare of the child is a matter of paramount consideration, and has been so held by this court. (Jones et ux. v. Bowman, 13 Wyo. 79, 77 Pac. 439; 67 L. R. A. 860; Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, 123 Am. St. Rep. 1067; Harris v. Muir, 24 Wyo. 213, 157 Pac. 26.) In 2 Bishop on Marriage and Divorce, 2nd Ed., 1189, the doctrine on the subject of the effect of the decree of a court in another state awarding the custody of a minor to one of the parents in a divorce action is stated as follows: "Under our national Constitution, this order is plainly a record to which, if the court has jurisdiction, the same faith and effect permitted it in the state of its rendition must be given in every other state. And the true rule in the state of its rendition is that it is *res judicata* concluding the question. But it does not conclude the question for all time, since new facts may create new issues. Nor, since the relation of parent and child is a status, rightfully, like marriage, regulated by any state in which the parties are domiciled, does the order in one state operate as an estoppel of all further inquiry in the courts of another state wherein the child has acquired a domicile." The correct rule on the subject, as we understand it, is well and concisely stated by the Supreme Court of New Mexico, in Mylius v. Cargill, 142 Pac. 918, 1915B, L. R. A. (N. S.) 154, where, after quoting as above from Bishop, and citing further authorities, said: "The soundness of this doctrine is apparent. The relation of parent and child is a status and may be changed with changing circumstances. The welfare of the child is always the paramount consideration for the court in awarding the custody of children to one parent or the other in cases of divorce and separation. The welfare of the child may be best subserved at one time by awarding its custody to one parent, and at another time just the opposite course should be taken. These judgments are necessarily provisional and temporary in character, and are ordinarily not *res judicata,* either in the same court or that of a foreign jurisdiction, except as to facts before the court at

the time of the judgment." (See also note to Seeley v. Seeley, 12 Ann. Cas. 1059; Re. Alderman, 157 N. C. 507, 73 S. E. 126, 39 L. R. A. (N. S.) 988, and note; 9 R. C. L. Sec. 293.)

In the present case it would serve no useful purpose and only unduly lengthen the opinion to set out the evidence, consisting of oral testimony and affidavits. It appears that at the time the matter of the custody of the child was heard by the Oregon court, there was evidence to the effect that the mother was not at that time a fit person to have the care of the child for reasons not necessary to here state. Whatever objections there may have been to her having the custody of her child, and however well founded such objections may have been, the evidence before the court at the hearing of the present case is, in our opinion, sufficient to sustain the conclusion that those objections no longer exist, and that the mother is now in a situation and condition to properly care for her child. She has a comfortable home with proper surroundings; and her present husband is shown to be able and willing to properly support her and the child. That the welfare of a female child of tender years is best subserved by being in the care and custody of its mother, if she is competent and a fit person to discharge those duties, is generally conceded. The finding of the trial court is a general finding, awarding the custody of the child to the mother until the further order of the court, and granting to the father the privilege of visiting it at all reasonable times. No doubt the court gave full faith and credit to the judgment of the Oregon court as to the facts shown at that time, but found such a change in the condition and the situation of the parties as warranted leaving the child in the care and custody of the mother; and in that conclusion we concur.

The judgment of the district court is affirmed.

*Affirmed.*

POTTER, C. J. concurs.

BLYDENBURGH, J., being ill, did not participate in the decision.