JOSEPH E. LAUGHTON,

*Plaintiff and Appellant,*

vs.

HELEN C. LAUGHTON,

*Defendant and Respondent.*

(No. 2602; August 4th, 1953; 259 Pac. (2d) 1093)

508

For the plaintiff and appellant the cause was submitted upon the brief of William D. Redle and Henry A. Burgess, both of Sheridan, Wyoming, and oral argument by Mr. Burgess.

For the defendant and respondent the cause was submitted upon the brief of Lonabaugh and Lonabaugh of Sheridan, Wyoming, and also oral argument of E. E. Lonabaugh.

## OPINION

HARNSBERGER, Justice.

On March 21, 1952, the plaintiff - appellant w a s granted a decree of absolute divorce from the defendant-respondent, the decree finding each of the parents to be fit and proper persons to have the care, custody and control of the minor child, and the custody of their five year old son was divided between them, the father having the child the nine months of September through the following May, and the mother the three months of June through August.

On August 30, 1952, just five months and nine days after the decree was made, the respondent asked that it be modified so as to award her the exclusive custody of the child, and to require the appellant to pay her $50 a month during the period she was to have the child, instead of the $25 per month provided in the original decree.

The grounds alleged in support of this petition are that the respondent had remarried, that she had a home, that it was for the child's best interest for respondent to have the custody as the child was of tender years and had reached kindergarten age, the facilities for which were available at or near her residence. She

also set forth that the father had not been able to provide a proper home for the child subsequent to the divorce; that the father, being a school teacher, was engaged during the day and the child was—during such times—moved from home to home and did not receive the care and love which the boy would receive from her; that $25 a month was insufficient for maintenance of child and that $50 per month would be proper.

The appellant's answer made general denial of these allegations and states that he and his parents rented a comfortable dwelling where they maintained a good home for the child and in which he is provided with training comparable to kindergarten training.

Upon hearing, the court modified the d e c r e e of March 21, 1952, by awarding the respondent the custody for the nine month period and the appellant the custody for the three month period, finding that each parent was a fit and proper person to have the care, custody and maintenance of the child; that the child should alternate between the parties at Christmas, and that the amount to be paid by appellant for the child's maintenance during the period he is with the mother, be increased to $30 per month.

The matter is brought here by the direct appeal of the father, the plaintiff below, who contends that the modification decree " * * * is erroneous as being contrary to the law and to the evidence and as being supported by insufficient law and evidence".

The important questions to be decided are—first, which—if any—of the petitioner's allegations has substantial support in the evidence, such evidence being examined in accordance with the rule we have established when findings of fact are challenged (Willis

v. Willis, 48 Wyo. 403, 49 P. (2d) 670; Brown v. Wyo. Butane Gas Company, Inc., 66 Wyo. 67, 205 P. (2d) 116; Durante v. The Consumers Filling Station Company, a Corporation, (Wyoming) 257 P. (2d) 29, 347; and, second whether the allegations found to be proved, constitute in law sufficient grounds for modifying the original decree.

Section 3-5915, Wyoming Compiled Statutes, 1945, provides:

"    The court, in granting a divorce, and also upon pronouncing a decree of nullity of a marriage, may make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of such children, as the circumstances of the parents and the benefit of the children shall require."

The general rule as summarized in the caption paragraph of 27 C.J.S. 1188, Sec. 317-b, states: To justify a substantial modification there must be a change of circumstances or the discovery of material facts unknown to the court at the time of the original decree. The welfare of the child is controlling, and in determining this a number of factors may be considered.

This court has recognized, and invariably followed that general rule, and has repeatedly said that in determining the question of the custody of a child, its welfare is the paramount consideration. Linch v. Harden, 26 Wyo. 47, 176 P. 156; Stirrett v. Stirrett, 35 Wyo. 206, 222, 248 Pac. 1; Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, 123 Am. St. Rep. 1067; Jones v. Bowman, 13 Wyo. 79, 77 Pac. 439, 67 L.R.A. 860; Madson v. Humane Society, 25 Wyo. 338, 169 Pac. 336; Harris

v. Muir, 24 Wyo. 213, 157 Pac. 26; Curran v. Curran, 51 Wyo. 217, 65 P. (2d) 243; Kennison v. Chokie, 55 Wyo. 421, 100 P. (2d) 97; Hiatt v. LaFever, 69 Wyo. 373, 242 P. (2d) 214.

Where it is contended that due to changed conditions a previous decree should be modified in the interest of the child so as to better provide for its welfare, the burden is upon the party alleging it, to prove that such has in fact occurred, and that it warrants a modification. Stirrett v. Stirrett, 35 Wyo. 206, 248 Pac. 1; Gavel v. Gavel, 123 Cal. App. 589, 11 P. (2d) 654; Belford v. Belford, Vol. 159 Fla. Rep. 547, 32 So. (2d) 312; 27 C.J.S. 1195; Merges v. Merges, 94 Ore. 246, 186 Pac. 36.

Proceeding to the examination of the record, we find no evidence whatever to support the charge that the father failed to provide a proper home for the child, or that the child had been moved from home to home.

There was testimony that the respondent would— if granted the custody she sought—take the child to kindergarten in a car, but this was all the evidence on that point.

The marriage of the twenty-nine year old respondent to a man sixty-eight years old—considerably more than twice her own age—is unquestionably established by the evidence, as well as the fact that she and her husband have a rented basement apartment, consisting of a kitchen, living room and bedroom, with available closet and bath facilities, and that respondent's new husband said he would provide a home for the child.

This summarizes all the material evidence offered by the petitioner to show the alleged change in con-

dition. As meager as it is, the force of this evidence to prove that there was such a substantial change in conditions as would give the court authority to modify the existing decree, was weakened by the reasonable assumption that in making the original decree, the court undoubtedly took into account that the father would have to work to earn a living; that it would be necessary for him to arrange for the child's care during the period of his absence; that the child was of such age that kindergarten or similar activity is sometimes made available; that within approximately a year's time the lad would be of school age; that during the nine months' custody of the father, he would be without the constant care and the opportunity to have bestowed upon him the affection of his mother, just as he would be deprived of these same desirable attentions from his father during the three months of the mother's custody—and yet, with full knowledge of all these things and possibly also keeping in mind other matters brought to attention in the divorce trial, but not disclosed by the record before us, the court being then in the best position to judge as to which of the parties would be the child's best mentor and which parent would contribute the most to the child's best interest and welfare, made the award which is now sought to be changed.

To answer the respondent's contention that the availability of kindergarten facilities "has been held sufficient as a change of circumstances, and for the welfare of the child", to justify a modification of a previous decree, it is enough to say that neither the cited text of 27 C.J.S. Divorce, Sec. 317-b, p. 1191, nor any of the authorities noted thereunder, justify the statement.

The respondent calls attention to Linch v. Harden,

26 Wyo. 47, 176 Pac. 156, where this court affirmed a modification decree, and respondent says that in that case the only change in circumstances shown was that the wife had remarried and had established a proper home in which to raise the child. But counsel misapprehends our holding.

In the Linch case the appellant had secured a default divorce in Oregon, later, while the mother and child were living in Wyoming, he secured from the Oregon court an award for the custody of his four and one-half year old daughter, neither the divorced wife nor the child being present at the trial, and the mother appearing o n l y by attorney. Thereupon appellant brought habeas corpus in Wyoming, contending the Oregon award of custody was binding and final until conditions had sufficiently changed to justify a different judgment or the same was modified by the Oregon court.

This court stated (26 Wyo. 47, p. 52, 176 Pac. 156):
" * * * It appears that at the time the matter of the custody of the child was heard by the Oregon court, there was evidence to the effect that the mother was not at that time a fit person to have the care of the child for reasons not necessary to here state. Whatever objections there may have been to her having the custody of her child, and however well founded such objections may have been, the evidence before the court at the hearing of the present case is, in our opinion, sufficient to sustain the conclusion that those objections no longer exist, * * *."

Thus, it was expressly found that a material change had occurred with respect to the mother's fitness.

There is a different situation here however. In this case there was an express finding by the court when the divorce was granted, that the mother was a fit and proper person to have the custody of the child and

exactly the same finding was made by the court in the proceedings for modification. If, notwithstanding the mother being held to be a fit and proper person, the trial court nonetheless found the interests and welfare of the child would be best served by giving the father custody for nine months of the year, why in the short time of six months should another judge be permitted to decide that the child's interest would be better served by giving the mother custody for the same nine months, when the mother's fitness had not undergone any change?

The respondent asserts that the holdings in the three cases principally relied upon by the appellant, namely, Burk v. Burk, 68 Ariz. Rep. 305, 205 P. (2d) 583, Johnson v. Johnson, 72 Cal. App. 2d. 721, 165 P. (2d) 552, and Merges v. Merges, 94 Ore. 246, 186 Pac. 36, are contra to the decision of this court in Stirrett v. Stirret, 35 Wyo. 206, 248 Pac. 1, but we find it difficult to see just how this is so.

In the Stirrett case the appeal was taken by the plaintiff below who complained because he had not secured all that he asked by way of modification. On appeal, this court affirmed the lower court's judgment which denied the modification sought. There was no issue as to the right of the court to modify an existing decree.

In Burk v. Burk, 68 Ariz. Rep. 305, 205 P. (2d) 583, the husband obtained a divorce from his wife and was given custody of their two boys, nine and seven years of age, nine months of the year, and the wife was given custody of the children three months of the year. The decree of divorce was entered January 10, 1946, the wife remarried January 20, 1946, and in September 1948 she asked that the decree be modified to give her complete custody of the children. After a hearing, the trial court modified the decree of January

10, 1946, by granting the mother custody of the minor children during the school months, and the father their custody during the months of June, July, and August of each year. The father appealed, assigning as error that the evidence disclosed no change in conditions or circumstances affecting the welfare of the children which would warrant a change of custody, and that such order of modification was an abuse of discretion by the trial court. We consider this case directly in point, and the findings of the Arizona Court quite persuasive. Without quoting, we summarize them as follows, viz.: While the trial judge is in the best position to determine what is best for the child, and unless it appears very clearly that such judge was mistaken, ignored the evidence, or failed properly to evaluate it, his decision will not be disturbed, it should be borne in mind that upon a proceeding to modify a provision for the custody of children, the burden is on the moving party to satisfy the court that conditions and circumstances have so changed after the original decree as to justify the modification; that every presumption is in favor of the reasonableness of the original decree; that in the absence of a showing that a substantial change in circumstances has occurred subsequent to the entry of a decree awarding custody of children or that there has been some misconduct on the part of the parent having custody, the original award is final and cannot be modified, and that modification should be made only for the most cogent reasons, the welfare of the children being the paramount consideration.

In Johnson v. Johnson, 72 Cal. App. 2d, 721, 165 P. (2d) 552, 554, the husband obtained a decree of divorce from the wife and was awarded custody of the minor child of the parties. The wife remarried the same day a divorce was granted. Upon application to modify the custody decree, a judge—other than the one who ren-

dered the original decree—reversed the former judge by modifying the custody provisions so as to give the mother custody. On appeal to the District Court of Appeals, the court said:

" * * * The record is devoid of evidence indicating any change of circumstances save the single fact that respondent has remarried and has a home in Nevada. This is not sufficient to warrant the order. "

The respondent in the case before us, discounts the decision in the Johnson case, and suggests that another California case, Ott v. Ott, 127 Cal. App. 322, 15 P. (2d) 896, 897, holds that remarriage and gaining a home by the mother is sufficient cause for the modification of a custody decree. Respondent also infers that the Ott decision has the stamp of approval of the California Supreme Court because that high court refused to review the case on appeal. This position is unsound for two reasons. First, because the most the lower court said in Ott v. Ott is " * * * that the remarriage of the mother constituted at least some showing of changed conditions." Second, because the only appeal to the Supreme Court which was attempted, was an appeal from an order to pay attorney's fees, which had nothing whatever to do with the question of whether or not remarriage was such a change in conditions as warranted modification of the custody decree. In both the Johnson and the Ott cases the decisions are of California District Courts of Appeal rather than of its Supreme Court, but the 1932 decision in the Ott case merely says remarriage and a home is "some showing of changed conditions", whereas the 1946 decision of the Johnson case directly holds that "the single fact that respondent has remarried and has a home", is insufficient to warrant modification of a custody decree. Furthermore, the Ott case cites no authority to support its holding.

In the Oregon case of Merges v. Merges, 94 Ore. 246, 186 Pac. 36, 39, the facts were also very similar to the instant case, the principal difference being that the former custody decree was made when the child was four year's old and the application for modification of the custody decree was considered some six years thereafter. On appeal from an order modifying an original decree, the court examined the evidence in some detail, concluding that there had been shown no change in conditions or circumstances except the subsequent remarriage of the wife which was held to be insufficient to warrant a modification of the prior custody decree, and reversed the lower court, saying in part:

" The order of February 3, 1913, therefore, granting the exclusive custody of the son to his father, the defendant, was final and conclusive in the absence of an appeal therefrom, and can be changed or superseded only by a showing that for some reason the father is not competent to care for the child or that some condition has arisen rendering his further care and custody by the father inimical to the child's welfare.

" The burden is upon the party, the plaintiff here, seeking to overturn the arrangement made by the order of February 3, 1913, for she is the moving party. "

In addition to these authorities which substantially express our views, we find similar holdings in many other states, among them in Peeples v. Newman (Ga. 1952) 209 Ga.. 53, 70 S.E. (2d) 749, pp. 752, 753, a habeas corpus proceeding, the Georgia Supreme Court reversed its lower court's modification of a South Carolina decree awarding custody to the father of minor children. The Supreme Court first decided that "* * * a judgment awarding the custody of a child, whether rendered by the courts of a sister State or by the courts of this State, may be modified upon application

when it is shown that there is such a change of conditions since the rendition of the decree as will affect the welfare of the child." However, it said—

" * * * It appeared from the evidence in this case that, since the above decree was rendered, a total divorce has been granted between the parties, and that both have remarried other persons. This is not in itself such a change of conditions as will authorize the modification of a decree awarding the custody of a minor child."

Further, after noting that there was evidence of some additional changes in conditions since the original decree was rendered, the court said—

" * * * However any slight change in conditions will not authorize the modification of a decree awarding the custody of a child. There must be some substantial change not naturally expected that affects the welfare of the child. * * * "

The court then went on to express its views as to the limit of discretion with which the lower court was clothed in the proceeding, by quoting McDowell v. Gould, 166 Ga. 670, 144 S.E. 206, 208, as follows:

" ' In all writs of habeas corpus sued out on account of the detention of the child, the court on hearing all the facts may exercise its discretion in awarding the custody of the child. Such discretion, however, is not arbitrary or unlimited, but is a discretion guided and governed by the rules of law. The power ought to be exercised in favor of the party having the legal right, unless the circumstances of the case would justify the court, acting for the welfare of the child, in refusing it. ' "

Continuing, the court said—

" * * * The plaintiff in error in this case, because of the decree awarding him the custody of the children here involved, had the legal right to their custody. * * * "

Also, in Belford v. Belford, 159 Fla. Reps. 547, 32 So.(2d) 312, pp. 313, 314, 315, the situation was much the same as that presented here. The original decree entered the 10th of September, 1945, awarded the custody of the child to the defendant-father with right of visitation in the mother. Less than two years thereafter, the child then being eight years of age, the mother petitioned for a modification of the decree, alleging there had been a change of circumstances, and on the 21st day of July, 1947, the court entered its decree, finding that the mother had remarried, that she and her husband had a permanent home, and that the mother could devote her full time to the child, and modified the decree by giving the custody to the mother with the right to the father of having the child during the month of July. In reversing the lower court's decision to so modify the original decree, the Supreme Court said:

" The same decree of discretion does not rest in the Chancellor to change or modify a final decree such as is here under consideration as is reposed in him to enter an original final decree.

" When entering a decree modifying a former final custodial decree it must appear that a change in the conditions or circumstances of the parties, or at least one of them, warrants such change. In 27 C.J.S., Divorce, Sec. 317 (5), it is said:

'The presumption favors the reasonableness of the original decree, and the party seeking modification has the burden of proof to show facts warranting modification and that the change is for the child's best interest.'

The court then quoted—

" In Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465, we said:

' It is undoubtedly the law of this state that the proper custody of a minor child of divorced par-

ents is a proper subject for judicial consideration at any time by the court which granted the decree of divorce. Meadows v. Meadows, 78 Fla. 576, 83 So. 392. But it is likewise the law that a decree in a divorce suit, fixing the custody of a child of the parents being divorced, whether based on a " 'stipulation entered into by the parties and approved by the court, or whether entered by the court after adversary hearing and determination of a contested issue respecting the matter, is nevertheless a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court *and then only for the welfare of the child.* Cariens v. Cariens, 50 W. Va. 113, 40 S .E. 335, 55 L. R. A. 930; Dawson v. Dawson, 57 W. Va. 520, 50 S.E. 613, 110 Am. St. Rep. 800, Milner v. Gatlin, 143 Ga. 816, 85 S.E. 1045, L.R.A. 1916B, 977; 19 C.J. 350. ' (Emphasis supplied)

" And, again in that case we said:

'Where a 'final decree has already once definitely fixed the custody of a minor child as between its divorced parents, the effect of a petition filed to modify the decree is to raise an issue as to whether or not sufficient cause exists at the time of filing the petition and subsequently to require a change in the provisions of the earlier decree respecting the child's custody. The trial of such an issue involves a determination of the proposition, whether or not there is any factual basis sufficient to show that conditions have become materially altered since the entry of the previous decree. But another equally important legal proposition involved is what should be the appropriate scope of any change found to be necessary to be made, in order to provide for the child's welfare and at the same time preserve the legal rights of the child's parents to its reasonable custody and control. '

" See also Gedney v. Gedney, 117 Fla. 686, 158 So. 288; Phillips v. Phillips, 153 Fla. 133, 13 So. 2d 922; and Jones v. Jones, 156 Fla. 524, 23 So. 2d 623.

" It appears that probably the Chancellor considered this matter in the same light as it would have been considered by him had no former decree been entered and, therefore, applied the rule enunciated in Fields v. Fields, 143 Fla. 886, 197 So. 530, and in Hurst v. Hurst, Fla., 27 So. 2d 749, and other cases of that sort. There are valid reasons for the difference in degree of discretion which may be exercised by the Chancellor in these two classes of cases. He is vested with the "right of exercise of a broader discretion in entering the original final decree because then it devolves upon him to determine the relative fitness of the parties for the custody of the child and to determine from all the facts what decree will be for the best interest of the child, but when he has entered that decree and it becomes final it is res adjudicata of those facts and circumstances and cannot be modified or changed thereafter, unless it appears that there are some pertinent facts which the court did not know at the time that decree was entered, or unless there is an altered condition shown to have arisen since the decree. See Frazier v. Frazier, supra.

" It is important that this rule should be observed, else there could never be any finality of the judicial determination of the custody of children.

" It is our view that the record fails to show any facts existing at the time the original final decree was entered which were not then known to and considered by the court and there are no sufficient changes in the circumstances of the parties to warrant the changes and modifications intended to be made by the decree from which this appeal is taken.

" About the only difference affecting the parties which has occurred since the entry of the original final decree in September, 1945, is that the mother and her present husband, whom she appears to have married soon after her divorce from the father of this child, now have a permanent home in Detroit, Michigan, where he practices law, whereas in September,

1945, he was an FBI officer and had no permanent address or place of abode; and that the father has since the date of that decree married his present wife who is affectionate to and congenial with the child and they now live in a home which is also occupied by the father's mother who has had the physical care of the child practically all of its life and still, in a devoted manner, looks after the welfare of the child when the father and step-mother are out at work, as well as when they are at home.

" We find nothing in this record which indicates that the welfare of the child demands this change in custody.

" Therefore, the decree is reversed with directions that petition be dismissed.

In Pangle v. Pangle, 134 Md. 166, 106 A. 337, 338, the father was granted divorce and custody of the five year old daughter of the parties. Four months after the decree, the mother secured a modification of the custody decree, the evidence showing she had remarried about two weeks after the divorce. On appeal from the order modifying the original custody decree the lower court's judgment was reversed, although it was shown that the mother's new husband was ready, able and willing to provide for the child's support, the court saying, "There has been no important change in the situation of the parties since the decree of divorce, except the prompt marriage of the defendant to the corespondent (correspondent)."

Again, in reversing a judgment modifying a custody decree made at the time of granting divorce, in Schorno v. Schorno, 26 Wash.(2d) 11, 172, P. (2d) 474, 478, that court said, "* * * It must appear that new conditions have arisen since the entry of the last order fixing custody of the minors which require a new adjustment. White v. White, Wash. 163 P. 2d 137; 17 Am. Jur. p. 518, Sec. 684, and p. 534, Sec. 703."

And in Valentine v. Valentine, 47 Cal. App. (2d) 438, 118 P. (2d) 17, 18, it is said "* * * The court, in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child. * * * "

Respondent indicates the modified decree should be upheld because "Appellant has failed to include in the record any transcript of the testimony taken at the original hearing", and cites Baus v. Baus, 60 Wyo. 44, 145 P. (2d) 241, as authority for the contention. Obviously respondent misconceives what was decided in that case.

There this court refused to interfere with an order modifying a child custody decree because the appellant had failed to have properly certified and thus made part of the record on appeal the Transcript of Evidence taken at the hearing of the application for a modification of the decree. In other words, this court refused to pass upon the correctness of the lower court's determination unless it was furnished with the record upon which such determination was made.

In the present matter, however, we have in the record before us all the evidence which was before the lower court when it modified the original decree.

The evidence in the original proceeding material to the determination of the child's custody was indeed proper matter for consideration at the hearing for modification on the ground of changed conditions. 27 C.J.S. 1197, Sec. 317, Notes 49, 50, 51; Valentine v. Valentine, 47 Cal. App. (2d) 438, 118 P. (2d) 17. However, bearing in mind that the burden was upon the respondent to prove that there had been a change in

condition which warranted modification, it was incumbent on the respondent to place in evidence the facts and circumstances necessary to show the conditions as they existed as of the date of the original decree and in the light of which such decree was made. This was necessary in order to demonstrate in just what particulars a change, if any, had occurred. It is impossible to see how a change in conditions can be shown until it is first made to appear what the conditions were before the change and which underwent a change. The respondent's failure to place this necessary proof in evidence cannot defeat the appeal. It is de hors the record and its absence is due to the respondent's fault.

The appellee takes a rather novel position in stating that "The essence of Appellee's argument is that the true rule under our statute and decisions, is and should be, that the District courts of our state may from time to time modify previous decrees regarding the custody of children, as long as the interests of such children will be improved by modification. That a change in circumstances under a previous decree, *if needed at all,* only *need show* in the *discretion* of the Trial Court that the interests, the welfare of the child or children will be improved by a modification." (Emphasis supplied)

If this were the law a parent or, in fact, any other person dissatisfied with an award of the custody of a minor child, could recurrently appeal to the court for a change, disqualify the judge who made the last decree and hope to persuade some other judge that the former judge had made a mistake. The minds of men react differently and a state of facts which might inspire one mind to conclude the best interest of a child would be served under the control of one authority,

would convince another mind to the belief that its best interest lay in giving custody to another. No authority to support such a tenuous theory has been given us and we have been unable to discover any.

Viewing most favorably all the respondent's evidence, it may be summed up as showing that she had remarried and had a home in which to care for the child. In a matter of this kind, where the original case was tried before one District Judge and, in less than six months, the same matter of custody was submitted to a different District Judge, each of the judges making almost identical findings—except that the first gave major custody to the one parent, while the second gave major custody to the other parent—we are unable to see how the welfare of the child would be improved or better served by giving effect to the latest order. The home life of children of wrecked marriages is difficult enough without adding to their other disadvantages the further disrupting influences attendant upon their custody being shunted from one parent to the other upon the occurrence of every slight change in condition.

We see no reason to blind ourselves to facts made obvious by the record. It was the husband who was granted the divorce. It was the husband to whom the court, after a full trial and upon a consideration of all the evidence, gave the major custody of the child. It was the mother who remarried in nineteen days. We need not speculate that the court may have feared that the traits which impelled the defendant to disregard the obligations of her marriage might also cause her to be somewhat unmindful of her obligations of motherhood. We need only conclude that by its decree the court expressed its conviction that the child's best interest would be served by leaving him for nine

months of the year with the father. Proceedings for modification of a judgment and decree are not proceedings for its reconsideration, for the latter contemplates a rejudgment upon the same facts. The whole theory which admits of any modifications being made is that a condition which affected the interest and welfare of the child and the rights of parties either no longer exists or has so materially altered or changed that there is a new situation presented which requires a new adjudication and a new judgment and decree.

The important fact however is that the respondent has failed to discharge her burden to show that a new condition exists which requires a change in the original award of custody, in order to best serve the child's interest and provide for its welfare.

We have no doubt that the learned judge was misled in this matter by the natural sympathies all men have for motherhood and thus overlooked that by making the modification order he was substituting his judgment for the solemn pronouncement given by another learned judge who had before him a fuller picture of all the facts and circumstances bearing upon the well being of the child.

The affection and concern of fathers for their offspring has repeatedly been demonstrated to be just as great as that of mothers. We do not say, nor do we believe from this record, that either of the parties are lacking in their devotion to their child. Quite to the contrary, their continuation of this misguided struggle for custody, is in all probability the result of their love for the child. But this does not justify our ignoring that the mother is the one who was responsible for breaking up the home and depriving the child of many things to which it was entitled nor can we escape our duty to maintain the integrity of an un-

appealed and final adjudication of one of our district courts.

The judgment and decree in the original proceeding was not appealed from and became final. It adjudicated all matters at issue between the parties, including the matter of custody of the minor children. The award was made upon the facts and circumstances as they were made to appear to the court as of the date of that decree. When the time for appeal passed, that decree was beyond attack, and so long as the circumstances and conditions upon which it was founded, continued unchanged, there is no lawful power or authority in this court, or any other court, to supplant the judgment of the trial court by any type of modification.

Neither party disputes and all courts agree that the paramount consideration in determining custody of a minor is the welfare of the child. In fact, subject to practicabilities, this is the sole and the only consideration, for to particularize by enumerating certain circumstances as affecting welfare, is merely to emphasize them as factors of that condition. But if changes in custody are made with every change in the marital status of divorced parents, the lives of children of these broken homes would be made miserable through recurrent efforts of parents to satisfy their own desires and the paramount purpose will be defeated.

We find sufficient evidence in the record to support the court's increase of the amount to be paid by the father to the mother during the three month period she is to have the child's custody.

From what has been said, that part of the order appealed from which modifies the original decree by

changing the respective periods the parties are to have the custody of the minor child, is reversed and that part of the order which increases the amount the father is to pay the mother during the three month period she is to have the custody of the child, is affirmed.

Affirmed in part and reversed in part.

BLUME, C. J., and RINER, J., concur.