Patricia Parnell TAYLOR, Appellant
(Defendant below),

v.

Charles Gilbert TAYLOR, Appellee
(Plaintiff below).

No. 3180.

Supreme Court of Wyoming.

Jan. 3, 1964.

W. Randall Boyer, of Boyer & Svilar, Lander, for appellant.

Frank P. Hill, of Spence, Hill, Oeland & Tschirgi, Riverton, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

This appeal is the aftermath of custody provisions of a divorce decree between the parties relating to their two sons, eleven and ten years of age at the time of the divorce. Facts pertinent to the questions before us are substantially as follows: The divorce proceeding was commenced by plaintiff, Charles Taylor, against defendant, Patricia Taylor (now Mrs. Benjamin Royce), and after trial of the case on February 16, 1962, the court entered an order deferring decision pending an investigation as to the fitness of each of the parties to assume custody. Pursuant thereto a further hearing was had on April 26, 1962, and on May 17, 1962, a decree was entered wherein the trial court, among other things, found that defendant had offered indignities to plaintiff sufficient to warrant the granting of a divorce; and with respect to custody of the children found as follows:

"That the care and custody of the minor children should be granted to the plaintiff herein, providing, however, that should the defendant alter her expressed intention and so situate herself so that she could devote all of her time to the minor children of the parties, excepting 40 hours per week which she would devote to some regular employment, abandoning any farm lease or farm operation and dispose of the care and management of her horses and other livestock, then, upon the fulfillment of these conditions as herein set forth, the defendant Patricia Parnell Taylor, shall be granted care, custody and control of the minor children, so long as the foreging conditions are complied with."

The court further found that plaintiff should receive the family home at Pavillion, Wyoming, together with such other property as was necessary to maintain a home for the children with the proviso, however, that if defendant complied with the conditions aforesaid and became entitled to custody, then defendant should receive sufficient of the household furnishings also to establish and maintain a home for the children. The decretal portion of the decree with respect to custody provided:

"That the custody of the minor children be, and it is hereby granted, to the plaintiff, excepting however, that such custody may be changed to the defendant upon a proper showing that the defendant has fulfilled, and continues to fulfill, the conditions set forth in Paragraph 6 above in the findings of the Court."

No appeal was taken from said decree. However, before said decree was entered and before it became final the parties and their counsel met on the day following the April 26, 1962, hearing to discuss the provisions of the decree relating to custody and the household furnishings, and as a result of defendant's representations that she had fully complied therewith, plaintiff voluntarily relinquished custody of the children and the household furnishings to defendant. This was done without consultation with, or further order of, the trial court.

Then on August 4, 1962, plaintiff caused to be filed an "APPLICATION FOR MODIFICATION OF DECREE" wherein it was charged that defendant was not complying with the custody provisions of the decree and asked that the court enter an order modifying the decree by granting plaintiff unconditional custody of the children and restoring the provision of the decree relating to the household furnishings. Following the hearing on said application held on October 31, 1962, the court found that the defendant had failed to comply with the terms and provisions of the decree and by order dated December 5, 1962, directed that the children and the household furnishings be returned to plaintiff.

From that order defendant appeals, claiming that the trial court abused its discretion

in depriving defendant of the custody of the children and the household furnishings in the light of the evidence presented at the October 31, 1962, hearing.

To sustain this appeal defendant first advances that the court erred in entering the order for the reason that plaintiff did not meet his burden of proof. Counsel argues that plaintiff failed to establish the circumstances of the parties existing on the date of the original decree and that as a result the case falls within the scope of our holding in Laughton v. Laughton, 71 Wyo. 506, 259 P.2d 1093, 1095, 1101, 43 A.L.R.2d 351, that a party relying upon changed conditions to modify a custody decree must prove "that such change has in fact occurred, and that it warrants a modification." In this connection it was also said that to sustain such burden the party must "place in evidence the facts and circumstances necessary to show the conditions as they existed as of the date of the original decree and in the light of which such decree was made." We do not agree with counsel's contention.

■ In the Laughton case a substantial modification of the original decree was actually made by the trial court. That is not the situation here. No change whatsoever was made in the original decree by the order of December 5, 1962, or by any previous order of the court. The fact is that the trial court not only denied the request of plaintiff but relegated the parties to the rights conferred by the original decree, which had by then become final. Having accepted the terms of the decree, defendant can hardly be heard now to complain.

■ Concerning the claim of abuse of discretion, we realize, of course, that present counsel did not represent defendant in the divorce proceedings. Nevertheless, we must take the record as we find it, and we think counsel is under some misapprehension as to its import. It must be kept in mind that on the basis of the facts and circumstances found to exist by the court at the time of the decree, and which were not challenged, defendant was adjudged

the offending party and was deprived of custody until such time as defendant "upon a proper showing" could prove compliance with the conditions that the court regarded as necessary to assure her fitness to have custody. Obviously, the provisions contemplated that the court, not the parties, would determine the matter upon further judicial inquiry any time that defendant desired to avail herself of the opportunity and incentive offered, and properly so. The State, as well as the parents, has an interest in these matters. However, the defendant, rather than following the only course open for her legally to obtain custody, proceeded on her own to accomplish that which she was denied by solemn decree. The fact that the court lent its aid to plaintiff peaceably to regain that to which he was entitled as a matter of right does not, in our view, give defendant cause for complaint. If defendant would have had it otherwise it was incumbent upon her, not plaintiff, affirmatively to proceed to satisfy the court of her compliance.

■ In view of the interlocutory nature of custody decrees, it may be, as suggested by counsel, that the conditions attached to defendant's right of custody were somewhat unusual, but his insistence that the provisions should be ignored in this proceeding is not well founded. The court did not exceed its authority in the premises. Stirrett v. Stirrett, 35 Wyo. 206, 248 P. 1, 5. As so aptly stated in Application of Denberg, 34 Misc.2d 980, 229 N.Y.S.2d 831, 838:

" * * * Since the Court, in a proper case, has the power to deprive a parent of custody in its entirety, it has the undoubted right to exercise less than its judicial power by limiting the nature of the accorded custody. * * * "

Furthermore, even though all of the evidence that seems to have prompted the conditions is not before us, we think sufficient is shown to give understanding to the purpose and intent of the provisions. More was involved than appears from simply scanning the language used. There is evidence that a substantial factor in the

granting of the divorce to plaintiff was defendant's association with other men, particularly with Ben Royce, whom she later married. That this relationship was to be continued and further nurtured despite the fact that at the time Royce also was married to another was made clear when defendant initiated the farming and horse-raising venture as a joint enterprise with Royce and was making her home on the farm that was rented by Royce for such purposes. Notice of these matters had to be taken for purposes of custody. We gather from the provisions of the decree that notwithstanding defendant's past transgressions, the court looked with favor upon the defendant in the matter of custody. On the other hand, the court apparently believed, as it was entitled to believe, that the best interest and welfare of the boys would not be served by exposing them to the unwholesome and improper environment that might well result from defendant's entanglements. To avoid this and yet afford defendant an opportunity to acquire custody, the court simply imposed certain restrictions which to us, under the circumstances, were entirely reasonable

We have said several times that the paramount consideration in matters of custody is to serve the best interest and welfare of the children. Laughton v. Laughton, 71 Wyo. 506, 259 P.2d 1093, 1095, 43 A.L.R.2d 351. Also, that of necessity a determination of these matters rests within the discretion of the trial court, subject to correction only for abuse of discretion or the violation of some legal principle. Gill v. Gill, Wyo., 363 P.2d 86, 89; and Altglass v. Altglass, Wyo., 353 P.2d 1101, 1102.

When subsequent developments were brought to the attention of the court in this proceeding, the court did nothing more than attempt to remedy a situation which the decree was designed to prevent. The court could scarcely have done otherwise. While it is true that within a few days after the boys were entrusted to her care the defendant moved from the farm that had met with the court's disapproval to Riverton, Wyoming, and obtained employment there, the record also shows that there was no inclination on the part of defendant to dissassociate herself from the involvements with Royce. Royce came to Riverton and obtained employment with the same employer. His clothes were seen at the apartment occupied by defendant and the boys, and while defendant denies that he also lived there, the record does not show that he was living elsewhere. Just when Royce's employment was terminated is not shown, but within a week Royce and the defendant began moving some of her belongings back to the farm, and at the end of the following week the move was completed. From that time on Royce lived with defendant and the boys, and while defendant denies any improprieties, the court was not bound to accept her version of the arrangement. For a time defendant continued with her employment, at which she was shown to be proficient. However, because of indifference and lack of interest in her work, defendant was soon discharged; and while there is some evidence that defendant attempted to obtain other employment, we think the court could find that those efforts were not made in good faith and that her interests were centered on the farm and her association with Royce.

Faced with such utter disregard of the purpose and intent of its decree, which defendant could not have misunderstood, and such a calculated course of misconduct on the part of defendant, it is little wonder that the court determined that defendant, as a mother and custodian, failed to "measure up to a due standard of morality and propriety" adequate to serve the best interest and welfare of the boys. Curran v. Curran, 51 Wyo. 217, 65 P.2d 243, 246.

Neither do we think that the court erred in directing the return of the household furnishings to plaintiff. The decree provided that the party having custody of the boys would be entitled to possession of sufficient of the household furnishings to establish and maintain a home. As we have

stated, that decree had long since become final, and plaintiff, being entitled to custody as a matter of right, was likewise entitled to possession of such furnishings.

The order is affirmed.