Steven K. TANNER, Appellant
(Plaintiff below),

v.

Opal Jean TANNER, Appellee
(Defendant below).

No. 3919.

Supreme Court of Wyoming.

March 19, 1971.

Lawrence A. Marty, of Marty & Clark, Green River, for appellant.

Robert H. Johnson, Rock Springs, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from an order modifying a divorce decree as it related to the custody and support of the three-year-old son of the parties, who by the decree had been placed in the care, custody, and control of the father, subject to the right of the mother to see and visit with the child at all reasonable times and places. The divorce action was filed by the husband, and the property settlement as well as the child custody was in accordance with a stipulation and agreement between the parties, which was ratified and approved by the court. Almost immediately following the divorce the mother was remarried and some four months thereafter she filed a motion, supported by affidavit, seeking to modify the decree, stating among other things as grounds that plaintiff had failed since obtaining custody to provide the child with suitable care, had left the boy with strangers for undue lengths of time, had denied her reasonable rights of visitation, and that the conditions affecting the interest and welfare of the child had substantially changed since the divorce decree.

On April 21, 1969, the court entered an order concerning defendant's visitation rights prior to hearing. After various other preliminaries, including the granting

of a request for change of judge, the matter was set down for hearing some seven months after the divorce had been granted and a number of witnesses were called. On July 7, 1969, shortly following the hearing, the court entered an order finding:

"That the court should reserve its decicision * * * and should at this time rule neither for nor against the Motion to Modify Decree filed herein; that custody of the minor child of the parties hereto should be retained as provided in the decree of divorce made and entered herein, modified so as to provide each party visitation rights with the said minor child on alternate months for the next six months, with provisions for child support payments by plaintiff during those months in which defendant has visitation rights; that the order to be entered herein should not be a final order and that this court should retain jurisdiction of this cause and review the matter at another hearing at the end of six months * * *,"

and in decretal portion directing that the plaintiff and defendant would each have the child on alternate months, plaintiff to pay support money during the months that defendant had the child.[1]

On June 10, 1970, some eleven months later, the court without a further hearing entered an Order Modifying Decree, the first paragraph thereof stating:

"Pursuant to temporary orders of this Court dated April 21, 1969, and July 7, 1969, concerning the visitation rights of the parties to the minor child, Justin Travis Tanner, born October 10, 1966, and by verbal stipulation[2] and consent of the Court, which extended the monthly alternating arrangement for such visitations, to end June 30, 1970, and after consulting counsel, Lawrence A. Marty for the plaintiff and Robert H. Johnson

for the defendant, the Court finds that both parties have remarried and that there are no additional reasons requiring a further hearing on this matter."

The order, without findings except as stated, provided that the custody of the minor child be divided, plaintiff to have custody for six months of the year and defendant for six months of the year thereafter, plaintiff to pay support money to defendant during the time the child was with her.

Essentially plaintiff in this appeal argues that (1) the court erred when it issued its final order, without having the further hearing referred to in its July 7, 1969, order and when it modified the decree upon the sole finding that the parties had remarried; (2) in any event defendant failed to prove changed conditions which would warrant a modification and the court's final order was not sustained by sufficient evidence and was contrary to law.

Since it is our view that the trial court abused its discretion when it failed to have the further hearing and, therefore, the cause must be returned for further proceedings, we will not address ourselves in depth to the evidence presented. Suffice to say that in determining whether or not there should be a modification of a divorce decree as to custody, it is the movant's burden to show there has been a change of circumstance and that, the welfare of the child being of first import, the change warrants a modification. Furthermore, while modification of a decree as concerns child custody rests in the sound judicial discretion of the trial court, a change will be made only for the most cogent reasons. Leitner v. Lonabaugh, Wyo., 402 P.2d 713, 719; Laughton v. Laughton, 71 Wyo. 506, 259 P.2d 1093, 1097, 43 A.L.R.2d 351. Had the trial court entered a final order on July 7, 1969, perhaps a reversal might not

---

1. Problems of alternate custody as they have impressed various courts are discussed in Annotation, 92 A.L.R.2d 695.

2. Counsel for the litigants both by writing attached to the order and orally in this court at the time of argument denied any verbal stipulation.

be warranted, although at best, the testimony at the hearing merely showed that defendant's remarriage effected some change in the conditions existing at the time of the divorce decree, i. e., where she was then living with friends and had little chance of securing employment paying a substantial wage, her second husband, Joe Martin, furnished her with a home and was willing and financially able to care for her child. Of course, welfare of the child is paramount; and as Clark, Law of Domestic Relations, 600 (1968), observes, adopting the rationale voiced by us in Laughton v. Laughton, supra, there is a serious danger that courts will be so ready to modify custody orders that the child will be disturbed and upset by repeated changes—the only cure being continued careful scrutiny of each case at the trial court level, coupled with the imposition of a heavy burden of persuasion upon the party asking for modification.

In the instant situation, the court did not enter its final order until June 10, 1970, and then found both parties had remarried and that no additional reasons required the further hearing it had provided for some eleven months previous. We have heretofore said that notice and opportunity to defend are unquestionably incident to due process of law, State ex rel. Blonder v. Goodbrod, 77 Wyo. 126, 307 P.2d 1073, 1075; and it is the general rule that in proceedings for modification of a divorce decree an opportunity to be heard is required. Thompson v. Thompson, 238 Minn. 41, 55 N.W.2d 329, 331; Geark v. Geark, 318 Mich. 614, 29 N.W.2d 89, 90. Under these circumstances, the entry of the order was an abuse of discretion on the part of the trial court, and we accordingly reverse the order and remand the cause for further proceedings.

Reversed and remanded.