**Stephen Lee BARRON, Appellant (Defendant),**

v.

**Karen Elizabeth BARRON, Appellee (Plaintiff).**

**No. 91–240.**

Supreme Court of Wyoming.

July 20, 1992.

Stephen Lee Barron, pro se.

James A. Hardee, Douglas, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

CARDINE, Justice.

Appellant challenges the trial court's refusal to grant his W.R.C.P. 60(b) motion for relief from a judgment modifying his divorce decree. We reverse the trial court's decision to deny relief and vacate the order modifying the divorce decree.

Appellant states the issue to be resolved as:

Whether the court below abused its discretion by not granting the appellant's motion for relief from judgment?

Appellee Karen Elizabeth Barron (wife) filed a complaint for divorce from appellant Stephen Lee Barron (husband) on February 16, 1990. Husband defaulted, and an absolute decree of divorce was entered in favor of wife on August 9, 1990. Pursuant to the decree, wife was granted custody of the couple's two minor children, and husband was ordered to pay child support in the amount of $300.00 per child per month, commencing August 10, 1990. Husband was granted reasonable rights of visitation.

On August 29, 1990, wife filed a motion to alter the August 9, 1990 decree of divorce with respect to the visitation rights of husband. Wife alleged that husband had threatened to kill her and had assaulted her, putting the lives, health and welfare of the couple's children in jeopardy. Wife therefore sought to have the decree of divorce modified to eliminate husband's visitation rights. No other modifications were sought respecting child support or any other provisions of the original decree. The district court granted wife's motion to modify the decree the same day it was filed. Husband was never served with the motion to modify the decree.

On October 10, 1990, husband was served with notice that the decree had been modified. On November 2, 1990, wife filed a motion to enter judgment pursuant to W.S. 20-2-113 (1989). By this time, husband was delinquent in making child sup-

port payments in the sum of $1600. A judgment was entered that same day for $1600 plus $250 to cover costs and reasonable attorney fees. An execution was authorized. Notice of a sheriff's sale was published, and the sale was held on November 28, 1990, at which certain items of husband's personal property were sold. The funds generated were released to wife in partial satisfaction of the judgment entered November 2, 1990.

Husband filed a timely motion for relief from judgment pursuant to W.R.C.P. 60 on July 26, 1991. In that motion, husband complained of a lack of notice and opportunity to be heard respecting wife's August 29, 1990 motion to alter judgment under W.R.C.P. 59. Husband stated:

The *ex parte* motion and modification has [sic] caused the Defendant [husband] irreparable harm in that all of his possessions which were awarded as a result of the Decree of Divorce were sold, with the Plaintiff [wife] being given the money from said sale. In addition to the financial loss, the Defendant [husband] has lost all rights of visitation with his children.

Husband then requested that the modification of the decree entered on August 29, 1990, be vacated and the original decree of divorce be reinstated. The district court took no action on husband's motion for sixty days, and it was therefore deemed denied according to Uniform Rule for the District Courts 301. Husband appealed the denial of his motion to this court.

Husband, in his brief, confuses wife's motion to enter judgment pursuant to W.S. 20-2-113 with her motion to modify the decree of divorce and refers to both of these motions as "modification motions." The only modification wife sought was with respect to husband's visitation rights. The rest of the divorce decree, including husband's obligation to pay child support, was never modified. Wife's motion to enter judgment pursuant to W.S. 20-2-113 was made to reduce husband's delinquent child support payments to a collectable amount. These delinquent payments became judg-

* Chief Justice at time of oral argument.

ments by operation of law. *See* W.S. 20–2–113(a). The only effect of wife's motion was to fix the amount due. The subsequent execution on the judgment was not a result of wife's motion to alter the decree pursuant to W.R.C.P. 59. Husband's motion for relief from judgment asked the district court to vacate the order granting wife's motion under W.R.C.P. 59 and reinstate the original decree of divorce. Had the district court granted husband's motion for relief and reinstated the original decree, it would have had no effect on wife's motion to enter judgment pursuant to W.S. 20–2–113 or the judgment subsequently entered. Since the trial court refused to grant husband'ṣ motion for relief from the judgment, we consider on appeal only the motion husband actually made. He did not move for relief from the district court's "Judgment Pursuant to Wyo.Stat. 20–2–113" and, therefore, that issue is not before this court.

█ We consider only husband's W.R.C.P. 60(b) motion for relief from the judgment entered after wife's motion to alter judgment pursuant to W.R.C.P. 59. The issue on appeal from a denial of relief under Rule 60(b) is limited. We ask only whether the trial court abused its discretion. Unless the trial court was clearly wrong, its denial of relief under Rule 60(b) will not be disturbed. *Gifford v. Casper Neon Sign Co., Inc.*, 639 P.2d 1385, 1386 (Wyo.1982).

█ Wife concedes that husband did not receive notice of her motion to amend the judgment. Wife styled her motion as a "Motion to Alter Judgment Pursuant to Rule 59, W.R.C.P." Rule 59(e) reads in pertinent part, "[a] motion to alter or amend the judgment shall be *served* not later than *10 days* after entry of the judgment." (emphasis added) Clearly, wife's motion did not comply with the service requirement of W.R.C.P. 59(e). Wife then argues that the issue becomes one of the district court's power to modify the decree on its own motion. Wife argues that the district court retained the authority to modify the divorce decree on its own motion until such time as the appeal period expired.

This reasoning is flawed in two respects. First, the court did not modify the decree on its own motion. Wife moved to alter the judgment, and the trial court's modification order refers to the matter as being before the court on petition of wife. Secondly, the appeal period had expired prior to the filing of wife's motion to amend the judgment. In her brief, wife asserts that the motion to alter or amend was "clearly before the Court on August 17, 1990, prior to the expiration of the appeal period." This statement is simply not supported by the record. While the motion itself reads "respectfully submitted this 17th day of August, 1990," it was not filed for record until August 29, 1990. Since the divorce decree which wife sought to modify was entered August 9, 1990, both the fifteen-day appeal period under W.R.A.P. 2.01 and the ten-day period under W.R.C.P. 59(e) had expired.

Wyoming Rule of Civil Procedure 6 provides for the computation of time periods prescribed by the Wyoming Rules of Civil Procedure, and W.R.A.P. 14.02 provides for the computation of time periods prescribed by the Wyoming Rules of Appellate Procedure. According to these rules, in computing time periods, the day of the act or event from which time begins to run shall not be included. Here that day is August 9, 1990, the date on which the divorce decree was entered. The last day of the time period is included unless it falls on a legal holiday, weekend or a day when the office of the clerk of court is inaccessible due to weather or other conditions. This has no effect in this case. When the time period involved is less than eleven days, intermediate Saturdays and Sundays are excluded. The ten-day period allowed for moving under W.R.C.P. 59(e), therefore, expired on August 23, 1990, actually 14 days after the decree of divorce was entered. The fifteen-day appeal period under W.R.A.P. 2.01 included intermediate Saturdays and Sundays and, therefore, expired August 24, 1990, fifteen days after the decree of divorce was entered. Wife's motion of August 29, 1990, was therefore six days late with respect to W.R.C.P. 59(e), and the

order modifying the decree was issued five days after the expiration of the appeal period provided under W.R.A.P. 2.01. Wife's motion was, therefore, defective in that it was untimely and the required service was never made. Wife has given no valid reason why the motion should be given effect.

■ There is an additional, more significant reason that this modification of the divorce decree cannot be permitted to stand. This court has long recognized the provisional nature of custody determinations. *Linch v. Harden*, 26 Wyo. 47, 176 P. 156 (1918). Visitation arrangements are of a provisional nature. The district court granting the divorce retains continuing jurisdiction to modify certain aspects of its decree. *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1340 (Wyo.1988). Wyoming statutes have explicitly codified this continuing jurisdiction and allow either parent to petition the court to invoke it. Wyoming Statute 20-2-113 (1989) provides in relevant part:

Either parent may petition the court to enforce or revise the decree. The court has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires.

■ While the district court clearly has authority to modify a divorce decree, we have said that before the court can exercise its authority there are, nonetheless, certain procedural steps that must be taken. *Duncan v. Duncan*, 776 P.2d 758, 759 (Wyo. 1989). When an order is to be modified or amended, the parties are entitled to due process of law. *Barker Bros., Inc. v. Barker-Taylor*, 823 P.2d 1204, 1208 (Wyo. 1992). We have stated that it is unquestionably incident to due process that a party have notice and opportunity to be heard and defend. *Id.; Bjugan v. Bjugan*, 710

P.2d 213, 219 (Wyo.1985); *Tanner v. Tanner*, 482 P.2d 443, 445 (Wyo.1971). We have also specifically held that in a proceeding to modify a divorce decree an opportunity to be heard is required. *Tanner*, at 445. In the present case, husband lost all rights of visitation without notice or an opportunity to be heard. Husband had a legitimate liberty interest in these visitation rights which was protected by the Constitution of the United States [1], and by the Constitution of the State of Wyoming.[2] To take these visitation rights from husband without affording him notice or a chance to respond to wife's motion deprived him of due process of law.

Since husband had no opportunity to be heard or respond to the motion to alter the judgment, the trial court abused its discretion by not granting husband's motion for relief from the judgment. The denial of husband's W.R.C.P. 60(b) motion for relief is reversed, and the order modifying the decree of divorce with respect to husband's visitation rights is vacated.

---

1. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws.

2. Article 1, § 6 of the Constitution of the State of Wyoming provides:

No person shall be deprived of life, liberty or property without due process of law.